**GOETZ PLATZER, LLP**
*Attorneys for NH Smith Lender LLC*
One Penn Plaza, Suite 3100
New York, New York 10119
212-593-3000
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com

**Motion Date:**
February 20, 2025 at 10:30 a.m.
**Objection Deadline:**
February 13, 2025 at 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Linda Endres Greco, | : | |
| | : | Case No. 24-44301-ESS |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### AMENDED NOTICE OF MOTION FOR ORDER ON THE APPLICATION OF NH SMITH LENDER LLC, AUTHORIZING THE EXAMINATION OF THE DEBTOR AND THE PRODUCTION OF DOCUMENTS PURSUANT TO RULE 2004 OF THE RULES OF BANKRUPTCY PROCEDURE

**PLEASE TAKE NOTICE** that NH Smith Lender LLC, by and through its attorneys, Goetz Platzer, LLP shall move before the Hon. Elizabeth S. Stong, United States Bankruptcy Judge, on **FEBRUARY 20, 2025, at 10:30 a.m.** or as soon thereafter as counsel may be heard, for the entry of an Order Authorizing the Examination of the Linda Endres Greco, Pursuant to Rule 2004 of the Rules of Bankruptcy Procedure at the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York 11201-1800, Courtroom 3585.

**PLEASE TAKE FURTHER NOTICE** to register with eCourt Appearances at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl at least two business days before the scheduling hearing. To register, please provide your name, address, e-mail address, telephone number to be used on the hearing date, and if appropriate, the party that you represent. In the event that you are not able to register online, you may call or email Judge

Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date. On your hearing date, please connect at least ten minutes before your scheduled hearing time, and keep your audio and video on mute until your case is called.

**PLEASE TAKE FURTHER NOTICE** that objections, if any must be filed by not later than 4:00 PM on **FEBRUARY 13, 2025**, upon (i) Goetz Platzer LLP, One Penn Plaza, Suite 3100, New York, New York 10119 to the attention of Cliff A. Katz, Esq.; (ii) Chambers of the Hon. Elizabeth S. Stong, United States Bankruptcy Court, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, New York 11201; and (iii) the Office of the United States Trustee Office of the United States Trustee, Eastern District of NY (Brooklyn Office), One Bowling Green, Suite 510, New York, New York 10004, and further entered on the Court's electronic docket by those parties with access thereto. All objections must be in writing and must provide the basis for the objection(s).

**PLEASE TAKE FURTHER NOTICE THAT** only those objections that are timely received may be considered by the Court.

Dated: New York, New York  
January 21, 2025

**GOETZ PLATZER, LLP**

*Attorneys for the NH Smith Lender LLC*

By: */s/ Clifford A. Katz*  
Clifford A. Katz  
One Penn Plaza, Suite 3100.  
New York, New York 10119  
Tel.: (212) 593-3000

**GOETZ PLATZER, LLP**
*Attorneys for NH Smith Lender LLC*
One Penn Plaza, Suite 3100
New York, New York 10119
212-593-3000
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com

**Motion Date:**
February 20, 2025 at 10:30 a.m.
**Objection Deadline:**
February 13, 2025 at 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| In re: | Chapter 11 |
| Linda Endres Greco, | |
| | Case No. 24-44301-ESS |
| Debtors. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPLICATION OF NH SMITH LENDER LLC, FOR AN ORDER AUTHORIZING THE EXAMINATION OF DEBTOR AND DIRECTING THE DEBTOR TO PRODUCE CERTAIN DOCUMENTS**

TO: THE HONORABLE ELIZABETH S. STONG,
<u>UNITED STATES BANKRUPTCY JUDGE</u>:

NH SMITH LENDER LLC ("NH SMITH"), a party in interest and creditor of Linda Endres Grecco (the "Debtor"), by its attorneys, Goetz Platzer, LLP, as and for its application (the "Application") for a proposed order pursuant to § 105(a) of title 11, of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing and directing the examination of Linda Endres Greco (the "Debtor"); (ii) the production and turnover by the Debtor of certain books, records, bank account statements, work papers and other documents as more particularly demanded by NH SMITH in accordance with the proposed Order, a copy of which is annexed hereto as **Exhibit "D"** and (iii) such other and further relief as this Court deems just and proper, and respectfully sets forth as follows:

3

## I. BACKGROUND

1. On or about October 17, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

2. Prior to the Petition Date, on or about July 19, 2023, a judgment of the Supreme Court of the State of New York, New York County, in the amount of $28,172,185.06 plus interest, costs and disbursements (the "Judgment") was entered against Louis V. Greco, Jr. (husband of the Debtor); Second Development Servies, Inc. (a limited liability company 100% owned by the Debtor) and SDS Leonard LLC. A copy of the Judgment is annexed hereto and incorporated herein as Exhibit "A".

3. Prior to the Petition Date, NH SMITH served certain Restraining Notices and Subpoenas (the "Subpoenas") upon, the Debtor, Second Development Services, Inc., (100% owned by the Debtor), the Ann Endres Irrevocable Trust, and the G Holdings Trust (collectively the "Trusts"). Upon information and belief, the Debtor is the trustee of the above referenced trusts. Despite the due service of the Subpoenas, the Trusts, the Debtor and Second Development Services, Inc. have failed to comply.

4. On March 6, 2024, and July 30, 2024, the Honorable Lawrence Knipel, Judge of the Supreme Court of the State of New York, New York County, entered certain Orders holding Second Development Services, Inc. in contempt as well as directing and compelling the Debtor and Second Development Services, Inc. to comply with the Subpoenas. Copies of the March 6, 2024 Order and July 30, 2024 Order are attached hereto and incorporated herein as Exhibit "B". Despite the entry of these Orders, the Debtor has failed to comply with the Orders and is in contempt of these Orders.

5. On September 4, 2024. the Honorable Lawrence Knipel, Judge of the Supreme Court of the State of New York, New York County, entered an Order holding the Trusts in

contempt and compelling the Trusts. to comply with the Subpoenas. A copy of the September 4, 2024 Order is attached hereto and incorporated herein as Exhibit "C". Despite the entry of this Order the Debtor as trustee of the Trusts, has failed to comply with the Order and is in contempt of this Order.

6. Upon review of the Debtor's Chapter 11 Petition and Schedules, the documents do not provide any material information, financial or otherwise with respect to the Debtor's ownership of Second Development Services, Inc. or her interest in the Trusts. In addition, the Debtor at her 341 hearing testified that she may be the trustee or have an interest in certain other entities such as the Greco Trust #3, Story Two LLC, Christopher Endres, LLC and Monica Anne LLC. The Debtor has also failed to comply with the prior Order of The Honorable Lawrence Knipel directing the production of documents and the appearance at an examination.

7. The Debtor's lack of candor with this Court, her utter lack of transparency, her failure to comply with prior orders of the New York Supreme Court, her failure to produce documents or otherwise respond to certain subpoenas and the prior contempt findings of the Honorable Lawrence Knippel provide cause for and support the immediate entry of an Order granting NH SMITH's Motion for a 2004 examination.

8. NH SMITH desires to immediately examine the full nature and extent of the Debtor's transactions and financial affairs, as well as her relationship with certain trusts, and corporations both disclosed on undisclosed.

## II.     **RELIEF REQUESTED**

9. Accordingly, NH SMITH hereby submits this Application for a proposed order pursuant to § 105 of the Bankruptcy Code and Bankruptcy Rule 2004: (i) authorizing and directing the examination of the Debtor; (ii) the production and turnover by the Debtor of certain books, records, bank account statements, work papers and other documents requested and to be requested;

and (iii) granting such other and further relief as this Court deems just, proper and equitable.

### III. BASIS OF RELIEF REQUESTED

10. Rule 2004(d) of the Federal Rules of Bankruptcy Procedure provides in relevant part that:

> **(d) Time and Place of Examination of Debtor.** The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

11. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a party in interest to conduct a 2004 examination, and the permitted scope of the examination is extremely broad. See, In re: Texaco, Inc., 79 B.R. 551, 553 (Bankr. SDNY, 1987), citing In re: Johns-Manville Corp., 42 B.R. 363 (SDNY 1984).

12. Generally speaking, "good cause" is the standard employed to determine if cause exists to support an examination under Rule 2004. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." In re: Hammond, 140 B.R. 197, 201 (S.D. Ohio 1992).

13. It is respectfully submitted that NH SMITH has "good cause" to support a Rule 2004 examination of the Debtor as provided herein.

14. NH SMITH has a clear and vested interest in conducting an independent review of the Debtor's financial records, its assets and the whereabouts of the Debtor's assets and relationship with certain corporations, her husband a judgment debtor, and Trusts.

15. NH SMITH requests authority to issue and serve upon the Debtor one or more subpoenas, via overnight delivery, and that same be deemed good and sufficient service compelling the production of the documents, and after a review of the Documents, for the examination of the Debtor.

## IV. CONCLUSION

16. For the reasons set forth herein, it is respectfully submitted that cause exists to grant this Application and the proposed order annexed hereto.

17. Notice of this Application has been given in accordance with Rule 2002 to Debtor's counsel, the United States Trustee and any party that has filed a notice of appearance and request for service of documents.

18. No prior application for the relief requested herein has previously been made.

**WHEREFORE**, based upon all of the foregoing, NH SMITH respectfully requests the entry of an order substantially in the form accompanying this Application, as **Exhibit "D"**, together with such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
January 21, 2025

                                                         GOETZ PLATZER, LLP
                                                         *Attorneys for NH Smith Lender LLC*

                                                         By: /*s/ Clifford A. Katz*
                                                             CLIFFORD A. KATZ
                                                             One Penn Plaza, Suite 3100
                                                             New York, New York 10119
                                                            (212) 593-3000
                                                            ckatz@goetzplatzer.com

**GOETZ PLATZER, LLP**
Attorneys for NH Smith Lender
One Penn Plaza, Suite 3100
New York, New York 10119
212-593-3000
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com

**Motion Date:**
February 20, 2025 at 10:30 a.m.
**Objection Deadline:**
February 13, 2025 at 5:00 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| In re: : | Chapter 11 |
| : | |
| Linda Endres Greco, : | |
| : | Case No. 24-44301-ESS |
| Debtors. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ORDER DIRECTING EXAMINATION OF LINDA ENDRES GRECO, AND PRODUCTION OF DOCUMENTS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 2004

Upon the application (the "Application") of NH SMITH LENDER LLC ("NH SMITH"), seeking entry of an order pursuant to §105(a) of title 11, of the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and directing the production and turnover of certain documents by, and an examination of the Debtor, as more particularly set forth in this Order and the Application, and sufficient cause appearing therefore; it is hereby

**ORDERED**, that pursuant to Bankruptcy Rule 2004, the Application is hereby granted in all respects; and it is further

**ORDERED**, that NH SMITH, through its counsel, is authorized to cause a subpoena to be issued to be served in accordance with Rule 45 of the Federal Rules of Civil Procedure ("FRCP") or by overnight mail through Federal Express or other carrier, to compel the

production and turnover of documents by and an examination of Linda Endres Greco (the "Debtor"),; and it is further

**ORDERED**, that the Debtor is directed to produce for examination and inspection, as set forth in the subpoena, documents as requested by NH SMITH, and it is further

**ORDERED**, that twenty (20) days' notice for the production of documents shall be deemed good and sufficient notice for the production of documents; and it is further

**ORDERED**, that twenty (20) days' notice for the examination of the Debtor shall be deemed good and sufficient notice for examination of the Debtor, which twenty (20) days may run concurrently with the notice for the production of documents; and it is further

**ORDERED**, that the examination of the Debtor is to continue from day to day until completed.