**GOETZ PLATZER, LLP**
*Attorneys for NH Smith Lender LLC*
One Penn Plaza, Suite 3100
New York, New York 10119
212-593-3000
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Linda Endres Greco, | : | |
| | : | Case No. 24-44301-ESS |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## REPLY TO LIMITED OBJECTION OF THE DEBTOR AND IN FURTHER SUPPORT OF MOTION OF NH SMITH LENDER FOR ORDER PURSUANT TO RULE 2004 OF THE RULES OF BANKRUPTCY PROCEDURE

TO: THE HONORABLE ELIZABETH S. STONG,
<u>UNITED STATES BANKRUPTCY JUDGE</u>:

NH SMITH LENDER LLC ("NH SMITH"), a party in interest and creditor of Linda Endres Grecco (the "Debtor"), by its attorneys, Goetz Platzer, LLP, as and for its reply to the objection of the Debtor to NH Smith's Motion (the "Motion') for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"): (i) authorizing and directing the examination of Linda Endres Greco; (ii) the production and turnover by the Debtor of certain books, records, bank account statements, work papers and other documents as more particularly demanded by NH SMITH in accordance with the proposed Order, and (iii) such other and further relief as this Court deems just and proper, and respectfully sets forth as follows:

### RESPONSE

**<u>The Debtor's Reply Violates Local Bankruptcy Rule 9006-1(a)(ii)</u>**

1. Local Bankruptcy Rule 9006-1(a)(ii) requires any objection to a motion served on

at least 14 day's notice to be filed no later than 7 days prior to the return date.

2. The Motion was initially scheduled to be heard by this Court on February 20, 2025 and was served by NH Smith on January 23, 2025, (28 days' notice) the Debtor served its objection (the "Objection") (1) one day prior to the Motion's initial return date and as such should not be considered by this Court.

**NH Smith Lender LLC Has Standing To Seek A 2004 Order**

3. The Debtor's sole objection to the entry of the Rule 2004 Order is that NH Smith does not have standing to request such relief. The Debtor is mistaken.

4. Rule 2004 (a) specifically authorizes "(a)… any party in interest". To obtain a discovery Order. Clearly, there can be no doubt that NH Smith is a judgment creditor of Louis V. Greco, Jr. (husband of the Debtor); Second Development Servies, Inc. (a limited liability company 100% owned by the Debtor) and SDS Leonard LLC a company potentially owned and/or affiliated with the Debtor and is accordingly a party in interest.

5. In addition, upon information and belief Ann Endres Irrevocable Trust, and the G Holdings Trust, (collectively the "Trusts") are Trusts which the Debtor has an interest. Upon information and belief, the Debtor is also the trustee of the above Trusts. Despite the due service of state court subpoenas, prior to the Filing Date, upon the Trusts, the Debtor and Second Development Services, Inc. have failed to comply.

6. In addition, NH Smith asserts it is also a creditor of the Debtor.

7. Upon review of the Debtor's Chapter 11 Petition and Schedules, the documents do not provide any material information, financial or otherwise with respect to the Debtor's ownership of Second Development Services, Inc. or her interest in the Trusts. In addition, the Debtor at her 341 hearing testified that she may be the trustee or have an interest in certain other entities such as the Greco Trust #3, G-4 LLC, Story Two LLC, Christopher Endres, LLC and

Monica Anne LLC. It is the Debtor's burden to come to this Court with complete candor and disclosure with respect to her assets and liabilities, which is the cornerstone to any discharge to be granted to this Debtor. The Debtor has failed to meet this burden.

8. The Debtor's lack of candor with this Court, her utter lack of transparency, her failure to comply with prior orders of the New York Supreme Court, her failure to produce documents or otherwise respond to certain subpoenas and the prior contempt findings of the Honorable Lawrence Knippel provide cause for and support the immediate entry of an Order granting NH SMITH's Motion for a 2004 examination.

9. It cannot be seriously asserted that NH Smith is not a party in interest.

10. One of the fundamental purposes of a Rule 2004 examination is to; "facilitate the discovery of assets and the unearthing of frauds". See, In re Orion Healthcorp., Inc., 596 B.R. 228,235 (Bnkr. E.D.N.Y (Trust) 2019).

11. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a party in interest to conduct a 2004 examination, and the permitted scope of the examination is extremely broad. See, In re: Texaco, Inc., 79 B.R. 551, 553 (Bankr. SDNY, 1987), citing In re: Johns-Manville Corp., 42 B.R. 363 (SDNY 1984).

12. Generally speaking, "good cause" is the standard employed to determine if cause exists to support an examination under Rule 2004. "Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests." In re: Hammond, 140 B.R. 197, 201 (S.D. Ohio 1992).

13. It is respectfully submitted that NH SMITH has "good cause" and shown "good cause" to support a Rule 2004 examination of the Debtor as provided herein.

14. NH SMITH has a clear and vested interest in conducting an independent review of the Debtor's financial records, its assets and the whereabouts of the Debtor's assets and

relationship with certain corporations, her husband a judgment debtor, and the Trusts.

15. NH SMITH requests authority to issue and serve upon the Debtor one or more subpoenas, via overnight delivery, and that same be deemed good and sufficient service compelling the production of the documents, and after a review of the documents, for the examination of the Debtor.

## **CONCLUSION**

16. For the reasons set forth herein, it is respectfully submitted that cause exists to grant this Application.

**WHEREFORE**, based upon all of the foregoing, NH SMITH respectfully requests the entry of an Order granting its Motion For An Examination of the Debtor Pursuant to Rule 2004 of the Rules of Bankruptcy Procedure, together with such other and further relief as this Court deems just proper and equitable.

Dated: New York, New York
       March 1, 2025

                                     GOETZ PLATZER, LLP
                                     *Attorneys for NH Smith Lender LLC*

                                     By: /*s/ Clifford A. Katz*
                                         CLIFFORD A. KATZ
                                         One Penn Plaza, Suite 3100
                                         New York, New York 10119
                                         (212) 593-3000
                                         ckatz@goetzplatzer.com