UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re:                                              Chapter 11

Linda Endres Greco,                                 Case No. 24-44301-ESS

                        Debtor.
---------------------------------------------------------x

## NOTICE OF HEARING TO CONSIDER THE DEBTOR'S
## MOTION TO APPROVE STIPULATION OF SETTLEMENT

**PLEASE TAKE NOTICE**, upon the motion annexed hereto, Linda Endres Greco (the "Debtor") will move at a hearing to be held in person before the Honorable Elizabeth S. Stong at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800 on **June 13, 2025 at 10:30 a.m.** seeking entry of an Order approving the Debtor's Settlement Agreement with her senior secured mortgage lender, Wendover Funder LLC (the "Lender") pursuant to Bankruptcy Rule 9019(a).

**PLEASE TAKE FURTHER NOTICE**, that objections to the proposed relief, if any, must be filed on the Court's ECF docket no later than seven days prior to the said hearing date.

**PLEASE TAKE FURTHER NOTICE**, that those intending to appear at the Hearing must register with eCourt Appearances no later than two days prior to the Hearing. The phone number or video link for the Hearing will be emailed only to those that register with eCourt Appearances in advance of the Hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Dated: New York, NY
       May 1, 2025

                                            Goldberg Weprin Finkel Goldstein, LLP
                                            Attorneys for the Debtor
                                            125 Park Avenue, 12th Floor
                                            New York, New York 10017
                                            (212) 221-5700

                                            /s/ J. Ted Donovan, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:  Chapter 11

Linda Endres Greco,  Case No. 24-44301-ESS

                        Debtor.
------------------------------------------------------------x

**DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH SECURED LENDER**

The motion of Linda Endres Greco (the "<u>Debtor</u>") pursuant to Bankruptcy Rule 9019(a) seeking approval of the attached Settlement Agreement with her senior secured mortgage lender, Wendover Funder LLC (the "<u>Lender</u>"), a copy of which is annexed hereto as <u>Exhibit</u> "A" (the "<u>Settlement</u>"), represents and shows this Court as follows:

**Preliminary Statement**

1. The Debtor originally contemplated a sale process in bankruptcy, but is gratified that it was nonetheless able to strike a global settlement with the Lender dealing with all of the Lender's collateral without any deficiency claim against the Debtor's Estate or affiliates. The Debtor presently lives in Unit 4 as 132 Remsen Street, Brooklyn, NY, which is being released for stay relief along with all of the Lender's other collateral at 132 Remsen Street, and the Debtor is moving to Unit 2 under the proposed Settlement. As part of the settlement, the Debtor will ultimately enter into a lease Unit 2 for a period of nine (9) years to the Debtor or her trust at a fixed rent with an option to purchase Unit 2 during the pendency of the lease.

2. The Debtor will retain those assets in which the Lender has no interest, consisting of a one-third interest in commercial space located at 56 Court Street, and monies owed to the Debtor in the estimated amount of $500,000 representing her share from the sale of property owned by SDSP Plaza 163 LLC in which the Debtor holds a twenty (20%) percent interest. These assets

1

will be liquidated to fund payments to the remaining creditors through a liquidating plan of reorganization.

**Background**

3. The Debtor is the wife of Louis Greco, who is a local Brooklyn developer. Over the years, she has been involved in various projects with her husband, and has held interests in a number of these projects. Unfortunately, many of the projects failed, and the underlying investment properties have been lost to foreclosure. Mr. Greco is a defendant in a number of actions, and is subject to several multi-million dollar judgments based on guaranties. The Debtor likewise found herself the subject to a number of lawsuits based on personal guaranties, and sought Chapter 11 protection on October 17, 2024 (the "Petition Date") to try to deal with these claims.

4. The Debtor's major assets consist of the residential condominium units located at 132 Remsen Street, Brooklyn, NY (the "Remsen Property"). The Remsen Property contains twelve units, including Unit No. 4 which has been the primary residence of the Debtor and her spouse since the late 1980's.

5. The Remsen Property also went through a successful Chapter 11 restructuring in the 1990's when it was owned by 295 Development Corp. Following confirmation of a plan in the 295 Development Corp. Chapter 11 case, the Debtor and her husband acquired and retain title to eight units at the Remsen Property through their joint ownership of Aherman LLC ("Aherman"). The Debtor also holds title to Unit 6 at the Remsen Property through her ownership of 295 Development Corp. Thus, the Debtor holds sole title to Unit 4 and Unit 6, and, with her husband, through Aherman owns condominium units 1, 2, 3, 7, 8 and 9 at the Remsen Property, as well as Units 3A and 4B at 56 Court Street, Brooklyn, NY (collectively, the "Lender Collateral").

2

6.  The Lender Collateral is subject to mortgages (firsts and seconds) held by the Lender securing loans totaling at least $14,744,058 in principal alone. The Lender has filed a proof of claim asserting a total secured date in the amount of $18,802,228.60 as of the Petition Date. The Lender Collateral has an estimated fair market value of approximately $15.1 million, including $9,700,000 for Unit 4 and $799,714 for Unit 2, as shown in the following chart:

| Unit 1, 132 Remsen Street | $514,286 |
| Unit 2, 132 Remsen Street | $799,714 |
| Unit 3, 132 Remsen Street | $486,000 |
| Unit 4, 132 Remsen Street | $9,700,000 |
| Unit 6, 132 Remsen Street | $50,000 |
| Unit 7, 132 Remsen Street | $352,511 |
| Unit 8, 132 Remsen Street | $979,915 |
| Unit 9, 132 Remsen Street | $890,979 |
| Unit 3A, 56 Court Street | $100,000 |
| Unit 4B, 56 Court Street | $1,275,000 |
| Total: | $15,148,405 |

7.  The Lender Collateral is also subject to several separate subordinate liens, including mortgages held by Hal Freidman, Lawrence Dalton, Jay Schippers and Jeong Son, respectively, in the aggregate total principal sum of approximately $1,650,000; tax liens held by New York State in the amount of $1,014,157.43 and the IRS in the amount of $2,363,034.11, as well judgment liens held by various creditors who filed claims aggregating in excess of $4.5 million. All of these subordinate secured claims will be addressed in the ensuing foreclosure sales.

8.  The Debtor is drafting a liquidating plan, but is faced with the reality of the lack of equity in the Lender Collateral and the desire of the Lender to exercise its rights to foreclose on same. Thus, to move the cases forward in the meantime, the Debtor is seeking Bankruptcy Court approval of the Settlement as a necessary first step in the plan confirmation process.

## The Settlement Should Be Approved

9. The Debtor respectfully submits that the Settlement contains a significant monetary benefit in the form of limiting the satisfaction of the Lender's claim to the recovery obtained from the liquidation of the Lender Collateral. This will enable the Debtor to devote 100% of the recovery on her remaining assets to her other creditors.

10. The Settlement also provides a benefit to the Debtor in providing her with a place to live at a fixed rent.

11. Accordingly, the Settlement constitutes a sound exercise of the Debtor's business judgment and should be approved pursuant to Fed. R. Bankr. P. 9019(a) as falling within the range of reasonableness. *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983), cert. denied, 464 U.S. 822, 104 S. Ct. 89 (1983).

12. As the Hon. Sean H. Lane explained:

> In approving a settlement, a court must "review the reasonableness of the proposed settlement [and] … make an informed as to whether the settlement is fair and equitable and in the best interests of the estate." *In re WorldCom, Inc.* 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); *see also Air Line Pilots Ass'n, Int'l v. Am. Nat'l Bank & Trust Co. (In re Ionosphere Clubs, Inc.)* 156 B.R. 414, 426 (S.D.N.Y 1993). The Court, however, need not "conduct a 'mini trial' on the issue. The Court need only 'canvas the issues' to determine if the 'settlement falls below the lowest point in the range of reasonableness.'" *WorldCom*, 347 B.R. at 137) *quoting In re Teltronics Serv., Inc.*, 762 F.2D 185, 189 (2d Cir. 1985)).
>
> "Settlements or compromises are favored in bankruptcy and, in fact, encouraged….. "In administering reorganization proceedings in an economical and practical manner it will often be wise to arrange the settlement of claims as to which are substantial and reasonable doubts.'" *In re Adelphia Communs. Corp.*, 368 B.R. 140 226 (Bankr.S.D.N.Y.2007) (*quoting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 20 L.Ed.2D 1 (1968)). "The decision whether to accept or reject a compromise lies within the sound discretion of the court." *Adelphia*, 368 B.R. at 226. And

> "[w]hile the bankruptcy court may consider the objections lodged by parties in interest, such objections are not controlling. Similarly, although weight should be given to the opinions of counsel for the debtors and any creditors' committees on the reasonableness of the proposed settlement, the bankruptcy court must still make informed and independent judgement. The Court must consider whether the proposed compromise is fair and equitable by appraising itself of all the factors relevant to an 'assessment of the wisdom of the proposed compromise.' " *WorldCom*, 347 B.R. at 137 (*quoting TMT Trailer*, 390 U.S. at 424, 88 S.Ct. 1157).

*In re AMR Corp.*, 502 B.R. 23, 42-43 9 (Bankr. S.D.N.Y. 2013).

13. In reviewing the Settlement, the Court should consider the well-known "*Iridium*" factors:

> (1) the balance between the litigation's possibility of success and the settlement's future benefits;
> (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on a judgement;
> (3) the paramount interests of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object to or affirmatively support the proposed settlement;
> (4) whether other parties in interest support the settlement;
> (5) the competency and experience of counsel supporting, and the experience and knowledge of the bankruptcy court judge reviewing, the settlement;
> (6) the nature and breadth of releases to be obtained by officers and directors; and
> (7) the extent to which the settlement is the product of arm's length bargaining.

*In re Iridium Operating LLC,* 478 F.3d 452, 462 (2d Cir. 2007).

14. The Settlement stacks up very favorably under the *Iridium* factors. To begin with, without the Settlement, the Lender will easily obtain stay relief, without any concomitant waiver of its deficiency claim, or arrangement for a new residence for the Debtor and her family. The Settlement therefore provides a clear benefit to the Debtor and its estate.

5

15. The Settlement was negotiated in good faith and at arms' length by parties represented by experienced and knowledgeable counsel. Moreover, it protects the Lender by reducing legal costs and delays attendant to contested foreclosure proceedings.

16. In view of the foregoing, the Debtor submits that the Settlement readily meets the test of reasonableness and represents a sound exercise of the Debtor's business judgment.

WHEREFORE, the Debtor respectfully prays for the entry of an Order approving the Settlement, and for such other relief as may be just and proper.

Dated: New York, New York
      April 30, 2025

GOLDBERG WEPRIN FINKEL
GOLDSTEIN LLP
Attorney for the Debtor
125 Park Avenue, 12th Floor
New York, New York 10017
(212) 221-5700


By:   /s/ J. Ted Donovan, Esq.

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
In re                                               :  Chapter 11
                                                    :
LINDA ENDRES GRECO,                                 :  Case No. 24-44301
                                                    :
                        Debtor.                     :
                                                    :
                                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY

Linda Endres Greco (the "Debtor") and Wendover Funder LLC (the "Lender", and together with Debtor, the "Parties") hereby stipulate and agree as follows:

## RECITALS

A. On October 17, 2024 (the "Petition Date), the Debtor filed a voluntary petition under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

B. On January 17, 2025, Lender filed a Proof of Claim (the "Proof of Claim") against the Debtor. [Claim No. 20-1]. As described in the Proof of Claim, the Debtor is an obligor with respect to two Loans (as defined in the Proof of Claim) extended by Lender pursuant to the Loan Documents (as defined in the Proof of Claim). The obligations Debtor owes to Lender under the Loan Documents (the "Loan Obligations") are secured by first priority mortgages against certain real property owned by the Debtor, including a mortgage against the property located at 132 Remsen Street, Unit 4, Brooklyn, NY 11201 ("Unit 4"). Additionally, the Debtor has a fifty percent membership interest in Aherman LLC (a non-debtor), which is the holding company that owns Units 1-3 and 7-9 at 132 Remsen Street, Brooklyn, NY 11201 and Units 3A and 4B at 56 Court Street, Brooklyn, NY 11201 (collectively, the "Aherman Units"). The Debtor may have an ownership interest in 295 Development Corp, which owns Unit 6 at 132 Remsen Street, Brooklyn,

NY 11201 ("Unit 6", and together with Unit 4 and the Aherman Units, the "Lender Collateral"). [Dkt. No. 1].

C. As detailed in the Proof of Claim, the Loan Obligations owed to Lender by Debtor are in the amount of not less than $18,802,228.60. [Claim No. 20-1].

D. The Lender Collateral is valued in the following amounts by the Debtor:

| | |
|---|---|
| Unit 1, 132 Remsen Street | $514,286 |
| Unit 2, 132 Remsen Street | $799,714 |
| Unit 3, 132 Remsen Street | $486,000 |
| Unit 4, 132 Remsen Street | $9,700,000 |
| Unit 6, 132 Remsen Street | $50,000 |
| Unit 7, 132 Remsen Street | $352,511 |
| Unit 8, 132 Remsen Street | $979,915 |
| Unit 9, 132 Remsen Street | $890,979 |
| Unit 3A, 56 Court Street | $100,000 |
| Unit 4B, 56 Court Street | $1,275,000 |

[Dkt. No. 1].

E. The value of the Lender Collateral is well below the amount of the Debtor's Loan Obligations and, therefore, the Debtor has no equity in the Lender Collateral. Accordingly, the Debtor has consented to relief from the automatic stay to allow the Lender to exercise its contractual and non-bankruptcy rights and remedies as to the Lender Collateral, including without limitation, initiating foreclosure proceedings against one or more properties constituting the Lender Collateral. The Lender also seeks relief from the automatic stay to exercise its contractual and non-bankruptcy rights and remedies as to Unit 6 to the extent the Debtor has any interest in 295 Development Corp.

F. Further, the Parties have reached an agreement regarding Unit 4, whereby the Debtor will vacate the unit and relocate to another unit at 132 Remsen Street, as more particularly described in the declaration, attached hereto as **Exhibit A**.

## **STIPULATION**

1. The foregoing recitals are hereby incorporated into and made an express part of this Stipulation.

2. Debtor acknowledges that she has no objection to Lender's Proof of Claim and Lender holds a valid, properly perfected lien on the Lender Collateral.

3. Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay established in the Debtor's case pursuant to section 362(a) of the Bankruptcy Code is hereby lifted and modified to allow Lender to immediately exercise any and all rights and remedies under the Loan Documents and applicable law against the Lender Collateral, including, without limitation, initiating foreclosure proceedings against one or more properties constituting the Lender Collateral and taking any and all actions related thereto. The foregoing relief shall specifically authorize Lender to name Debtor as a defendant in any foreclosure proceeding or cause of action or take such other and further action to carry out the relief granted herein.

4. This Stipulation may not be modified, amended, or vacated other than by a signed writing by the Parties or by Order of this Court.

5. This Stipulation shall be governed by, construed and enforced in accordance with the laws of the State of New York, without giving effect to the principles of conflicts of law thereto.

6. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original, including any facsimile or counterparts and which, together, shall constitute one and the same instrument and each of which shall be fully binding on the party as a signed original.

7. The Parties hereby irrevocably and unconditionally agree that the Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation.

8. The 14-day stay applicable to the relief granted herein pursuant to Bankruptcy Rule

Rule 4001(a)(1) is hereby waived, along with any application local rules governing relief from the automatic stay.

Dated: April 29, 2025
       New York, New York

**/s/ Matthew R. Brooks**
**TROUTMAN PEPPER LOCKE LLP**
Matthew R. Brooks
875 Third Avenue
New York, New York 10022
Telephone: (212) 704-60487

*Counsel to Wendover Funder LLC*

**/s/ J. Ted Donovan**
**GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**
J. Ted Donovan
Kevin J. Nash
125 Park Avenue, 12th Floor
New York, NY 10017
Telephone: (212) 221-5700

*Counsel to Debtor*

**SO ORDERED:**

# EXHIBIT A

# DECLARATION CONCERNING CHANGE IN PRIMARY RESIDENCE

March 30, 2025

Linda Endres Greco
Louis Greco
132 Remsen Street
Apt. 4
Brooklyn, NY 11201

Re: 132 Remsen Street, Apt. 4, Brooklyn, NY 11201

This declaration ("Declaration") is executed in connection with certain accommodations being provided by Wendover Funder LLC ("Lender") relating to the property located at 132 Remsen Street, Brooklyn, NY 11201 (the "Property").

As consideration for Linda Endres Greco and Louis Greco (collectively, "Declarants") receiving the benefit of the Lender accommodations, each of Declarants expressly stipulates, covenants, and agrees to the following:

1. Declarants currently reside in Unit 4 at the Property ("Unit 4");

2. No later than April 14th, 2025 ("Move Out Date"), Declarants shall fully vacate Unit 4. including all furniture, personal belongings, and other items, and shall deliver physical possession of same to Lender and provide to Lender all keys, access codes, passwords, any related access information for Unit 4;

3. Declarants shall be allowed access and use of the garage located at the Property for a period not to exceed 60 days from the Move Out Date to temporarily store their furniture, personal belongings and other items removed from Unit 4;

4. Declarants shall not undertake any action to lease, transfer, or in any way allow possession of Unit 4 to any person or entity for whatever reason;

5. Declarants shall move into and reside in Unit 2, following the Move Out Date, pursuant to a residential lease that will be separately negotiated and documented;

6. On the Move Out Date, Declarants shall deliver to Lender, the attached affidavit attesting that they have fully vacated Unit 4 and relinquished the same as their primary residence, and covenant to take no actions or inactions,

whether in writing or otherwise, that would have the effect of allowing Declarants or any other person to allege Unit 4 is their primary residence;

7. Declarants covenant they will not contest, or cause any of their affiliates to contest, on any basis whatsoever, any action or other proceeding, or cause of action brought by or on behalf of Lender to foreclose its mortgage and security interest in and take possession of Unit 4 and any other collateral of Lender where Declarants are obligors or affiliates or equity holders of the borrower or obligor; and

8. Linda Endres Greco shall promptly file a stipulation and agreed order in her pending chapter 11 bankruptcy proceeding (Case No. 24-44301-ESS), pursuant to Rule 4001(d) of the Bankruptcy Rules of Federal Procedure seeking Bankruptcy Court approval and relief from the automatic stay to implement this Stipulation and Declaration and for Lender to exercise its contractual and legal remedies against Unit 4 and the remaining collateral securing obligators owing by the Debtor and affiliates to Lender, and shall prosecute said motion and all related relief with due haste.

_____
LINDA ENDRES GRECO

_____
LOUIS GRECO Sr.