**GOETZ PLATZER, LLP**
*Attorneys for NH Smith Lender LLC*
One Penn Plaza, Suite 3100
New York, New York 10119
212-695-8100
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Linda Endres Greco, | : | |
| | : | Case No. 24-44301-ESS |
| Debtor. | : | |

**OBJECTION OF NH SMITH LENDER LLC WITH RESPECT TO THE DEBTOR'S MOTION TO APPROVE SETTLEMENT WITH SECURED LENDER**

TO: THE HONORABLE ELIZABETH S. STONG,
UNITED STATES BANKRUPTCY JUDGE:

NH SMITH LENDER LLC ("NH SMITH"), a party in interest and creditor of Linda Endres Grecco, debtor and debtor in possession (the "Debtor"), and holder of a judgment against the Debtor's husband Louis V. Greco, Jr.[1] by its attorneys, Goetz Platzer, LLP, as and for its objection (the "Objection") to the Debtor's Motion To Approve a Settlement with Secured Lender (the "Settlement Motion") sets forth and alleges as follows:

## I. BACKGROUND

1. On or about October 17, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

2. Prior to the Petition Date, on or about July 19, 2023, a judgment of the Supreme Court of the State of New York, New York County, in the amount of $28,172,185.06 plus interest,

[1] Louis V. Greco is no stranger to this Court, see *In Re 232 Smith Street LLC*, Case No. 22-4220 (ESS) dismissed by this Court after inability to confirm a plan of reorganization.

costs and disbursements (the "Judgment") was entered against Louis V. Greco, Jr. ("Louis Greco" husband of the Debtor); Second Development Servies, Inc. (a limited liability company 100% owned by the Debtor) and SDS Leonard LLC.

3. On or about January 4, 2024, NH SMITH served a certain Restraining Notice and Subpoena (the "Restraining Notice") upon Aherman LLC (upon information and belief, a limited liability corporation whose membership interests are owned jointly 50% by the Debtor and 50% by Louis Greco[2]).

4. In the Declaration Pursuant to Local Bankruptcy Rules [ECF #1] filed by the Debtor, the Debtor affirms that Aherman LLC ("**Aherman**") owns the following real property:

56 Court Street, Brooklyn Unit 3A
56 Court Street, Brooklyn Unit 4B
132 Remsen Street, Brooklyn, NY Unit #1
132 Remsen Street, Brooklyn, NY Unit #2
132 Remsen Street, Brooklyn, NY Unit #3
132 Remsen Street, Brooklyn, NY Unit #7
132 Remsen Street, Brooklyn, NY Unit #8
132 Remsen Street, Brooklyn, NY Unit #19

(collectively referred to as the "Aherman Real Property")

## II. OBJECTION TO THE SETTLEMENT MOTION

5. It is undisputed that the Debtor does not personally own any of the Aherman Real Property. It is also undisputed that at best, the Debtor owns only a 50% membership interest in Aherman along with Louis Greco who owns the remaining 50% membership interest. Louis Greco is also obligated under the Judgment in the amount of at least $28 million dollars to NH Smith, none of which he has paid.

6. Given the fact that the Debtor does not own the Aherman Real Property, there can

[2] See, the Debtor's Chapter 11 Petition in this Bankruptcy Case and the Debtor's Declaration Pursuant to The Local Bankruptcy Rules para. 1 [Filing ECF #1].

be no dispute that the Aherman Real Property is not property of the Debtor's estate as defined under Section 541 of the Bankruptcy Code, yet the Debtor seeks to use the Aherman Real Property to consummate the settlement as detailed in the Settlement Motion without providing any consideration whatsoever to the owner of the Aherman Real Property (Aherman) or Louis Greco who owns the remaining 50% membership interest.

7. It appears that the Settlement Motion on its face authorizes the improper transfer, of the Aherman Real Property without consideration and solely for the benefit of the Debtor at the expense of Louis Greco and his creditors. There has been no determination by this Court or any other Court that Greco's 50% membership interest is valueless. Further there has been no determination as to the validity of any lenders claims (secured or otherwise) on the Aherman Real Property or that the Aherman Real Property has no equity. Frankly, since neither Louis Greco's 50% membership interest, nor the Aherman Real Property are property of the Debtor's estate, this Court would not have jurisdiction to make such determinations.

8. Further, in accordance with the restraining notice duly served and effective upon Aherman since on or about January 5, 2024, Aherman is prohibited from, restrained from, transferring, effecting or selling or interfering with any assets of Louis Greco, which would include Greco's 50% membership interest in Aherman. The Settlement Motion which transfers the Aherman Real Property without consideration to Louis Greco, significantly interferes, effects and impacts on the value of Louis Greco's 50% membership interest.

9. In addition, as per paragraph "1" of the Motion it appears that as part of the Settlement, "the Debtor will ultimately enter a lease Unit 2 for a period of nine (9) years to the Debtor or her trust at a fixed rent with an option to purchase Unit 2 during the pendency of the lease". First this language is confusing and seems to say that the Debtor is attempting to enter into a lease with herself which is completely improper. Second, since Aherman owns Unit 2, it appears

that the Debtor is seeking a likely undisclosed below market lease and below market purchase option for Unit 2, which is owned by Aherman. All of which are completely improper. Third, the actions on behalf of the Debtor as contemplated in the Settlement Motion with respect to Unit 2 owned by Aherman, would be severely prejudicial to Aherman and materially affect the value of the 50% membership interest owned by the non- debtor Louis Greco.

10. It is anticipated that Louis Greco's 50% membership interest will be the subject of a turnover proceeding to be filed in the New York Supreme Court, County of New York prior to the return date of this Settlement Motion as such Louis Greco will be divested of his 50% membership interest in Aherman.

11. Lastly, as discussed below, Aherman is a dissolved limited liability company without the ability to convey its interests, effect this Settlement or enter into leases with respect to Unit 2 (See below).

12. Pursuant to section 13.3 of the Aherman operating agreement, annexed hereto and incorporated herein as **Exhibit "A"**, the filing of a bankruptcy petition by Linda Greco acted as a dissolution of the limited liability company unless "within 90 days of the Petition Date Louis Greco elected to continue the business of the Company pursuant the operating agreement"(See Exhibit "A" pages 3-4). Upon information and belief, no timely election was made by Louis Greco, no evidence of any timely election can be produced, and the time to make such an election has long expired.

13. Accordingly, Aherman is dissolved as a matter of law in accordance with the specific terms of its operating agreement. In accordance with the New York Business Corporations Law §1005 a dissolved limited liability corporation (Aherman) "<u>shall carry on no business except for the purpose of winding up its affairs</u>". Accordingly, Aherman is required to liquidate its assets to satisfy its liabilities and thereafter distribute any equity to its members.

14. For all of the above reasons, Aherman does not have the ability to affect this Settlement and make such improper and fraudulent transfers and leases as contemplated in the Settlement or the Settlement Motion. Accordingly, the Debtor is not able to consummate this Settlement as described in the Settlement Motion and the Settlment Motion must be denied.

**WHEREFORE**, based upon all of the foregoing, NH SMITH respectfully objects to the entry of the Settlement by the Debtor and quests the entry of an order denying the Debtor's Motion, together with such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
June 6, 2025

GOETZ PLATZER, LLP
*Attorneys for NH Smith Lender LLC*

By: */s/ Clifford A. Katz*
CLIFFORD A. KATZ
One Penn Plaza, Suite 3100
New York, New York 10119
(212) 685-8100
ckatz@goetzplatzer.com