Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Counsel to Jay Schippers
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

**Hearing Date: June 13, 2025**
**Time: 10:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:
LINDA ENDRES GRECO,

Debtor.
------------------------------------------------------x

Chapter 11
Case No. 24-44301 (ESS)

**OBJECTION OF JAY SCHIPPERS TO DEBTOR'S MOTION**
**<u>TO APPROVE SETTLEMENT WITH SECURED LENDER</u>**

Jay Schippers, by and through his undersigned counsel, as and for his objection to the motion (the "Motion") of Linda Endres Greco, the debtor and debtor-in-possession herein (the "Debtor"), for entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a certain Settlement Agreement (the "Settlement Agreement") between the Debtor and her purported "secured mortgage lender", Wendover Funder LLC (the "Lender"), respectfully represents and alleges as follows:

1. Mr. Schippers (together with Jeong Son) is the holder of two (2) mortgages (together, the "Schipper Mortgages") against Unit 4 at 132 Remsen Street, Brooklyn, New York ("Unit 4") , which secure repayment of amounts loaned by Mr. Schippers to the Debtor in the total principal amount of $510,000. Upon information and belief, the Shipper Mortgages are second and third in priority to the first priority mortgage held by the Lender with respect to Unit 4.

2. Mr. Schippers respectfully objects to the Debtor's request for approval of the Settlement Agreement for the following reasons:

(a) If approved, the Settlement Stipulation would permit the Lender to implement a self-serving strategy to pursue and consummate an unopposed foreclosure sale of Unit 4 (the Debtor having already moved out of that Unit to Unit 2 in the same building) conditioned on her receiving in exchange, an unopposed (9) year lease with an option to purchase Unit 2 at any time during the term of said lease. Such terms are entirely self-serving and inequitably favor the Debtor to the detriment of the creditors of her estate, including Mr. Schippers;

(b) The Debtor has not established, by way of the Motion or otherwise, that consenting to stay relief and an immediate foreclosure sale of Unit 4 by the Lender and/or entering into a nine (9) year lease with the Debtor for Unit 2 with an option to purchase the unit, the specific terms of which are not disclosed or discussed in the Motion, would be beneficial to the Debtor's creditors or her estate. Indeed, the primary "benefit" of the proposed settlement is entirely self-serving, "providing [the Debtor] with a place to live at a fixed rent" presumably to be paid to a corporate entity that she owns; and

(c) As discussed in the Motion, the Debtor is "drafting a liquidating plan" which has not yet been filed. Any disposition of Unit 4 or the entry into any lease or option to purchase Unit 2 should only be approved as part of a "global" liquidation of the Debtor's assets under a plan of liquidation for the benefit of all of her creditors. The settlement proposal actually constitutes an impermissible sub-rosa plan which bypasses plan confirmation requirements

3. Based upon the foregoing, Mr. Schippers respectfully requests that this Court deny the Motion in its entirety and grant such other and further relief as may be just and proper.

Dated: New York, New York
June 11, 2025

**PICK & ZABICKI LLP**
Counsel to Jay Schippers

By: <u>s/ Douglas J. Pick</u> ___
Douglas J. Pick
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000