**GOETZ PLATZER, LLP**
*Attorneys for NH Smith Lender LLC*
One Penn Plaza, Suite 3100
New York, New York 10119
212-695-8100
Clifford A. Katz, Esq.
ckatz@goetzplatzer.com

.
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Linda Endres Greco, | : | |
| | : | Case No. 24-44301-ESS |
| Debtor. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## OBJECTION OF NH SMITH LENDER LLC WITH RESPECT TO THE DEBTOR'S MOTION TO APPROVE A SALE OF ASSETS

TO: THE HONORABLE ELIZABETH S. STONG,
<u>UNITED STATES BANKRUPTCY JUDGE</u>:

NH SMITH LENDER LLC ("<u>NH SMITH</u>"), a party in interest and creditor of Linda Endres Grecco, debtor and debtor in possession (the "<u>Debtor</u>"), and holder of an unsatisfied judgment in the amount of $28 million dollars against the Debtor's husband Louis V. Greco, Jr. by its attorneys, Goetz Platzer, LLP, as and for its objection (the "<u>Objection</u>") to the Debtor's Motion To Approve Bidding Procedures and a Sale of Assets (the "<u>Sale Motion</u>") sets forth and alleges as follows:

### I. <u>BACKGROUND</u>

1. On or about October 17, 2024 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

2. Prior to the Petition Date, on or about July 19, 2023, a judgment of the Supreme Court of the State of New York, New York County, in the amount of $28,172,185.06 plus interest, costs and disbursements (the "<u>Judgment</u>") was entered against Louis V. Greco, Jr. ("Louis Greco"

husband of the Debtor); Second Development Servies, Inc. (a limited liability company 100% owned by the Debtor) and SDS Leonard LLC.

3. On or about January 4, 2024, NH SMITH served a certain Restraining Notice and Subpoena (the "Restraining Notice") upon Aherman LLC (upon information and belief, a limited liability corporation whose membership interests are owned jointly 50% by the Debtor and 50% by Louis Greco[1]).

4. In the Declaration Pursuant to Local Bankruptcy Rules [ECF #1] filed by the Debtor, the Debtor affirms that Aherman LLC ("**Aherman**") owns the following real property:

56 Court Street, Brooklyn Unit 3A
56 Court Street, Brooklyn Unit 4B
132 Remsen Street, Brooklyn, NY Unit #1
132 Remsen Street, Brooklyn, NY Unit #2
132 Remsen Street, Brooklyn, NY Unit #3
132 Remsen Street, Brooklyn, NY Unit #7
132 Remsen Street, Brooklyn, NY Unit #8
132 Remsen Street, Brooklyn, NY Unit #19

(collectively referred to as the "Aherman Real Property")

II. **OBJECTION TO THE SALE AND BIDDING PROCEDURES MOTION**

5. NH Smith objects to the Motion of the Debtor Seeking Authority To Establish Bidding Procedures and Authorize The Sale of Assets (collectively the "Sale Motion") to the extent that the Debtor seeks authority of this Court in the Sale Motion to sell property which is outside of the assets of the Debtor's estate. This Court should not establish bidding procedures and authorize and approve the sale of assets outside of the property of the Debtor's estate.

6. Respectfully, section 363(b)(1) of the Bankruptcy Code is very clear, "The trustee, after notice and a hearing may use, sell or lease, other than in the ordinary course of business,

---

[1] See, the Debtor's Chapter 11 Petition in this Bankruptcy Case and the Debtor's Declaration Pursuant to The Local Bankruptcy Rules para. 1 [Filing ECF #1].

2

property of the estate". Accordingly, this Court does not have authority to sell property that is not "property of the estate". Nor would this Court have authority to enter a sale order which may avoid liens or direct that such liens would attach to the proceeds of the sale with respect to property that is not property of Debtor's estate. In this case, upon review of the Sale Motion, in addition to real property which is owned by the Debtor, the Debtor, improperly, seeks the authority and Order of this Court to sell real property belonging to Aherman LLC.

7. It is undisputed that the Debtor does not personally own any of the Aherman Real Property. It is also undisputed that at best, the Debtor owns only a 50% membership interest in Aherman along with Louis Greco who owns the remaining 50% membership interest. Louis Greco is also obligated under the Judgment in the amount of at least $28 million dollars to NH Smith, none of which has been paid.

8. Given the fact that the Debtor does not own the Aherman Real Property, there can be no dispute that the Aherman Real Property is not property of the Debtor's estate as defined under Section 541 of the Bankruptcy Code, yet the Debtor seeks to sell the Aherman Real Property in another objectionable round about way to settle with the Debtor's creditors.

9. In addition, the Honorable Lawrence Knipel Judge of the Supreme Court, of New York, Kings County has issued an Order temporarily restraining (the "TRO Order") Louis V. Greco, Jr. from selling, exercising or dissipating his 50% membership interest in Aherman LLC, pending a further hearing in which NH Smith seeks to have Louis Greco, Jr.'s interest in Aherman LLC delivered to the Sheriff for execution and sale. The hearing on the TRO Order has been adjourned to September 10, 2025. That TRO remains in place. A copy of the TRO Order is annexed hereto as Exhibit "A".

10. Accordingly, despite the Debtor's desire to exercise her rights in Aherman LLC to sell the Aherman Real Property, the Debtor unilaterally and without the other 50% membership

interest holder's consent does not have the corporate authority to authorize Aherman LLC to enter into any agreements to sell the Aherman Real Property or otherwise sell the Aherman Real Property. Further there has been no determination as to the validity of any lenders claims (secured or otherwise) on the Aherman Real Property or that the Aherman Real Property has no equity. Frankly, since neither Louis Greco's 50% membership interest, nor the Aherman Real Property are property of the Debtor's estate, this Court would not have jurisdiction to make such determinations.

### A. The Bankruptcy Court Does Not Have Jurisdiction Over Louis Greco's 50% Membership Interest In Aherman LLC

11. Linda Greco is incorrect in her assertion that this Court has jurisdiction over Louis Greco's 50% membership interest.

12. Under Section 541 of the Bankruptcy Code, a Bankruptcy Court has jurisdiction over property of the Debtor's (Linda Greco's) estate, not her husband Louis Greco's property.

13. Bankruptcy Code Section 541(a) provides that the bankruptcy estate consists of "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a).

See, In re Brizinova, 588 B.R. 311, 326 (Bankr. E.D.N.Y. 2018)

14. Linda Greco does not and did not have any legal or equitable interest in Louis Greco's (stock) membership interest in Aherman LLC.

15. Futther, in the case, *In re Brizinova*, 588 B.R. 311, 328–29 (Bankr. E.D.N.Y. 2018) this Court specifically stated directly on this issue:

> "It is beyond doubt that where a debtor owns the shares of a corporation, a sale of those shares for cash or other consideration results in "proceeds." In such a transaction, all that has occurred is that property of the estate has changed from one form - shares of stock -

4

to another form - cash or other consideration. But the parties have not cited, and the Court has not found, controlling or persuasive authority to support the Trustee's assertion that in these circumstances, the proceeds of a sale of a non-debtor corporation's assets should be afforded the same treatment as the proceeds of a sale of its shares."

**This is consistent with principles that are long and well established. Courts in New York recognize that there is a difference between ownership of a corporation's shares and ownership of its assets.** Long ago, the New York Court of Appeals observed: [T]he corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets ... even complete ownership of capital stock does not operate to transfer the title to corporate property and ... ownership of capital stock is by no means identical with or equivalent to ownership of corporate property. Brock v. Poor, 216 N.Y. 387, 401, 111 N.E. 229 (1915).

<u>**To similar effect, the Second Circuit found that under New York law, "shareholders do not hold legal title to any of the corporation's assets**</u>. Instead, the corporation - the entity itself - is vested with the title." U.S. v. Wallach, 935 F.2d 445, 462 (2d Cir. 1991) (citing 5A Fletcher Cyclopedia of the Law of Private Corps. § 2213, at 323 (Perm. ed. 1990)

And as Chief Judge Craig noted:

A corporation has a separate identity from its owners and, therefore, assets held by corporate entities are not property of an individual shareholder's bankruptcy estate. Rather, the ownership interest is property of the shareholder's bankruptcy estate. Pereira v. Dieffenbacher (In re Dieffenbacher), 556 B.R. 79, 85 (Bankr. E.D.N.Y. 2016) (quotation and internal citation omitted)." (emphasis added)

*See, In re Brizinova*, 588 B.R. 311, 328–29 (Bankr. E.D.N.Y. 2018)

16. Accordingly, in addition to the current TRO Order issued by Supreme Court Judge Knipel, prohiiting any action with respect to Louis Greco's membership interests in Aherman LLC, neither Louis Greco's membership interests nor the assets of Aherman LLC are property of Linda Greco's bankruptcy estate, nor subject to the automatic stay, nor subject to the jurisdiction of the Bankruptcy Court.

**WHEREFORE**, based upon all of the foregoing, NH SMITH respectfully objects to the entry of a bidding procedures Order and the Debtor's Sale Motion with respect to property which is not property of the Debtor's estate, together with such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
September 5, 2025

                              GOETZ PLATZER, LLP
                              *Attorneys for NH Smith Lender LLC*

                              By: */s/ Clifford A. Katz*
                                  CLIFFORD A. KATZ
                                  One Penn Plaza, Suite 3100
                                  New York, New York 10119
                                  (212) 685-8100
                                  ckatz@goetzplatzer.com