UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x

Hearing Date and Time:
February 27, 2026 at 10:30 a.m.

In re: Chapter 11

Linda Endres Greco, Case No. 24-44301-ESS

Debtor.
-----------------------------------------------------x

In re: Chapter 11

Aherman LLC, Case No. 25-44912-ESS

Debtor.
-----------------------------------------------------x

In re: Chapter 11

Louis Greco, Jr., Case No. 25-44913-ESS

Debtor.
-----------------------------------------------------x

**NOTICE OF HEARING TO CONSIDER THE DEBTORS' APPLICATION FOR AUTHORITY TO RETAIN DOUGLAS ELLIMAN REAL ESTATE AS REAL ESTATE BROKER, WITH ITS ASSOCIATED LICENSEE ELENA SARKISSIAN ACTING AS SELLER'S AGENT**

**PLEASE TAKE NOTICE**, that upon the annexed application, the related debtors and debtors-in-possession, Linda Endres Greco ("Linda"), Aherman LLC ("Aherman") and Louis Greco ("Louis") (collectively, the "Debtors"), will move at a hearing to be held before the Honorable Elizabeth S. Stong, at the United States Bankruptcy Court for the Eastern District of New York, 271-C Cadman Plaza East, Courtroom 3585, Brooklyn, NY 11201 on February 27, 2026 at 10:30 a.m. for an Order authorizing the employment of Douglas Elliman Real Estate with its associated licensee Elena Sarkissian Acting as Sellers' Agent to render professional real estate services to the Debtors (the "Application");

**PLEASE TAKE FURTHER NOTICE**, that the hearing will be held in person. Those intending to appear at the Hearing must register with eCourt Appearances no later than two days

prior to the Hearing. Requests to appear virtually by Webex must be made in writing to Chambers via email in advance of the hearing. Instructions for registering with eCourt Appearances can be found at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

**PLEASE TAKE FURTHER NOTICE,** that objections to the Application, if any (each, an "Objection"), shall be in writing, conform to the requirements set forth in E.D.N.Y. LBR 9013-1, and be filed and served so as to be actually received no later than seven (7) days prior to the hearing date.

Dated: New York, NY
January 22, 2026

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtors*
125 Park Avenue, 12th Floor
New York, New York 10017
Tel: (212) 221-5700
Email: tdonovan@gwfglaw.com

By: /s/ *J. Ted Donovan, Esq.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Linda Endres Greco,<br><br>Debtor. | Chapter 11<br><br>Case No. 24-44301-ESS |
| In re:<br><br>Aherman LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-44912-ESS |
| In re:<br><br>Louis Greco, Jr.,<br><br>Debtor. | Chapter 11<br><br>Case No. 25-44913-ESS |

**APPLICATION FOR AUTHORITY TO RETAIN DOUGLAS ELLIMAN REAL ESTATE AS REAL ESTATE BROKER, WITH ITS ASSOCIATED LICENSEE ELENA SARKISSIAN ACTING AS SELLER'S AGENT**

Related debtors and debtors-in-possession, Linda Endres Greco ("Linda"), Aherman LLC ("Aherman") and Louis Greco ("Louis") (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this application in support of an Order, substantially in the form attached hereto as Exhibit "A", pursuant to § 327(a) and § 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), granting the Debtors authority to retain Douglas Elliman Real Estate (the "Broker"), with its associated licensee Elena Sarkissian Acting as Sellers' Agent ("Agent"), as their real estate broker for purposes of marketing and sale of the following real property (i) three residential condominium units located at 132 Remsen Street, Brooklyn, NY, identified as Units 2, 7, and 8; and (ii) residential units 3A and 4B and a part interest (33%) in the commercial units at

56 Court Street, Brooklyn, NY (collectively, the "Aherman Properties"). In support of this Application, the Debtors respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §157(b). The statutory predicates for the relief sought herein are §327(a) of the Bankruptcy Code and Bankruptcy Rule 2014. Venue is proper before this Court pursuant to 28 U.S.C. §1409.

## BACKGROUND

2. Louis and his spouse Linda each own a fifty (50%) percent membership interest in Aherman I LLC, which in turn owns one hundred (100%) of the membership interests in Aherman. The Aherman Properties and the other properties owned directly or indirectly by the Debtors to be sold in these chapter 11 cases are as follows (collectively, the "Greco Properties"):

| Unit | Owner |
|---|---|
| 56 Court St., Unit 3A | AHERMAN LLC |
| 56 Court St., Unit 4B | AHERMAN LLC |
| 132 Remsen St., Unit 2[1] | AHERMAN LLC |
| 132 Remsen St., Unit 4 | Linda E. Greco |
| 132 Remsen St., Unit 6 | 295 Development[2] |
| 132 Remsen St., Unit 7 | AHERMAN LLC |
| 132 Remsen St., Unit 8 | AHERMAN LLC |
| 132 Remsen St., Unit 9 | AHERMAN LLC |

[1] Units 1, 2 and 3 were consolidated into one Unit, known as Unit 2.
[2] 295 Development LLC is not itself in bankruptcy, but is owned 100% by Linda.

3. The Greco Properties are subject to various mortgages (firsts and seconds) held by the senior lender, Wendover Funder LLC ("Wendover"), totaling no less than $14,744,058 in principal alone as well as subordinate mortgages held by Hal Freidman, Lawrence Dalton, Jay Schippers and Jeong Son in the aggregate total principal sum of approximately $1,650,000.

4. On October 17, 2024, Linda Endres Greco filed a voluntary Chapter 11 bankruptcy petition, which remains pending under case number 24-44301-ESS. In the course of her bankruptcy, Linda and Louis reached an agreement in principle with Wendover for an exit strategy predicated upon one or more sales of the Greco Properties in bankruptcy pursuant to a joint consensual chapter 11 plan. The plan will be funded through remaining sale proceeds after payment of Wendover's secured debt, which will be distributed to other creditors in order of priority.

5. On May 1, 2025, Linda filed a *Motion to Approve Settlement with Secured Lender* [ECF No. 49] (the "Settlement Motion") pursuant to which the automatic stay would be vacated to allow Wendover to immediately exercise any and all rights and remedies under its loan documents and applicable law against the Greco Properties, including, without limitation, initiating foreclosure proceedings against one or more of the Greco Properties and taking any and all actions related thereto.

6. In furtherance of the Settlement Motion, on July 18, 2025, Linda also moved for approval of the proposed sale of the Greco Properties together with bid procedures for the marketing and auction sale (the "Sale Motion"). Then, on August 22, 2025, Linda further moved to approve the retention of the Broker and Agent to render professional real estate services in connect with the sale (the "Retention Motion").

7. Objections to the Settlement Motion were filed by other creditors, generally arguing that the proposed settlement: (1) inappropriately contemplates the use of property held by Aherman to facilitate the settlement, and (2) is a self-serving act by Wendover, for which the Linda failed to demonstrate why it is beneficial to her creditors or her estate (the "Objections").

8. In response to the Objections, Wendover and the Debtors agreed that Aherman and Louis would also file Chapter 11 petitions, which they did on October 10, 2025. In this way, all of the Greco Properties are under the direct jurisdiction of the Bankruptcy Court.

9. On August 22, 2025, Linda moved to approve the retention of the Broker and Agent to render professional real estate services in connect with the sale of properties in which Linda has a direct ownership interest, which includes Unit 4 at located at 132 Remsen Street (the "Prior Retention Motion"). The Prior Retention Motion was approved by Order dated September 19, 2025 [ECF No. 71] (the "Prior Retention Order").

10. Following the filing of chapter 11 cases for Louis and Aherman, the Debtors reached agreement with Barbara Wilding at COMPASS ("Compass") to sell Units 4, 6 and 9 at 132 Remsen Street. Accordingly, the Debtors are seeking to amend the terms of their retention of the Agent and Broker to include only the Aherman Properties. The Debtors will seek to retain Compass by separate application filed contemporaneously herewith. The breakdown of responsibilities between the Agent/ Broker and Compass is as follows:

| Unit | Owner | Broker |
|---|---|---|
| 56 Court St., Unit 3A | AHERMAN LLC | DERE |
| 56 Court St., Unit 4B | AHERMAN LLC | DERE |
| 132 Remsen St., Unit 2[3] | AHERMAN LLC | DERE |
| 132 Remsen St., Unit 4 | Linda E. Greco | COMPASS |
| 132 Remsen St., Unit 6 | 295 Development[4] | COMPASS |
| 132 Remsen St., Unit 7 | AHERMAN LLC | DERE |
| 132 Remsen St., Unit 8 | AHERMAN LLC | DERE |
| 132 Remsen St., Unit 9 | AHERMAN LLC | COMPASS |

11. It is intended that the Debtors' cases will be jointly administered. Once joint administration of the three cases has been approved, the three Debtors will file a joint plan of reorganization to sell the Greco Properties and implement the Settlement Motion through confirmation of the plan. As a first step, the Debtors are filing the instant motion to extend the retention of the Broker and the Agent in their cases, as well as to amend their retention to exclude the properties to be sold by Compass. In conjunction with the plan confirmation process, the Debtors will also seek to extend the Settlement Motion and the Sale Motion to these two cases as well. In the meantime, the Debtor seeks to move forward with the retention of the Broker so that it can get ready to commence the marketing campaign.

**<u>RELIEF REQUESTED</u>**

12. The Debtors wish to employ the Broker and the Agent, pursuant to 11 U.S.C. § 327(a) and 328(a) to provide advice and assistance in: the marketing and sale of the Aherman

[3] Units 1, 2 and 3 were consolidated into one Unit, known as Unit 2.
[4] 295 Development LLC is not itself in bankruptcy, but is owned 100% by Linda.

Properties. The Debtors seek to employ the Broker in accordance with the terms and conditions set forth herein, which are identical to the terms of their compensation as previously approved in Linda's case.

13. The Broker has agreed to limit its compensation to three (3%) percent of the gross purchase price, with a reduction to two (2%) percent if the buyer is identified through a co-broker. It is anticipated that the Broker will market the Aherman Properties for a fixed term, followed by a deadline for the submission of bids and an auction at which the highest and best offers will be solicited, with Wendover retaining the right to credit bit at any auction.

14. The Debtors believe that the Broker team is qualified to represent the Debtors based on their years of experience and knowledge of the New York City area real estate market.

15. As specifically set forth in the affirmation of Alfred Renna (the "Renna Declaration") submitted herewith, to the best of the Debtors' knowledge after reasonable inquiry, Elena Sarkissian is not connected with the Debtors, their creditors, other parties-in-interest or the Office of the United States Trustee.

16. Further, and as set forth in the Renna Declaration, to the best of the Debtors' knowledge after reasonable inquiry, Elena Sarkissian does not, by way of any direct or indirect relationship to, connection with or interest in the Debtors, hold or represent an interest adverse to the estates and is a disinterested person. The fact that the Broker and the Agent have already been retained by Linda in her case supports the retention by the Debtors here, as their familiarity with the Grecos confers a benefit and does not constitute a conflict of interest.

17. Accordingly, the Debtors believe that Broker's associated licensee is a "disinterested party" within the meaning of §§101(14) and 327 of the Bankruptcy Code.

18. Upon successful completion of a sale, the Broker has agreed to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") and the Guidelines for Fees and Disbursements for Professionals propounded by the Office of the United States Trustee.

19. The Debtors seek to retain the Broker so that they can pursue their goal of selling the Greco Properties and making a distribution to creditors.

## CONCLUSION

20. Based upon the foregoing, the Debtors respectfully request that the instant motion be granted in its entirety and that the Debtors be granted such other and further relief as this Court may deem just and proper. A proposed Order authorizing the retention of Broker as requested herein is annexed hereto.

**WHEREFORE**, the Debtors respectfully requests that an Order be entered authorizing the retention of Broker as real estate broker and granting such other and further relief as the Court deems just and proper.

Dated: New York, NY
January 22, 2026

Goldberg Weprin Finkel Goldstein LLP
*Attorneys for the Debtors*
125 Park Avenue, 12th Floor
New York, New York 10017
Tel: (212) 221-5700
Email: tdonovan@gwfglaw.com

By: /s/ *J. Ted Donovan, Esq.*

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>Linda Endres Greco,<br>Debtor. | Chapter 11<br>Case No. 24-44301-ESS |
| In re:<br>Aherman LLC,<br>Debtor. | Chapter 11<br>Case No. 25-44912-ESS |
| In re:<br>Louis Greco, Jr.,<br>Debtor. | Chapter 11<br>Case No. 25-44913-ESS |

**ORDER APPROVING RETENTION OF REAL ESTATE BROKER**

Upon the application (the "Application") of the related debtors and debtors-in-possession, Linda Endres Greco ("Linda"), Aherman LLC ("Aherman") and Louis Greco ("Louis") (jointly, the "Debtors"), for entry of an order, pursuant to Section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Douglas Elliman Real Estate ("DERE") as real estate broker to the Debtors; and upon the Declaration of Alfred Renna which is annexed to the Application (the "Renna Declaration"); and it appearing that DERE is a "disinterested" person within the meaning of Sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtors' respective estates; and this Court having determined that the employment of DERE by the Debtors is in the best interests of the Debtors, their estates and their creditors; and no further notice being required; and after due deliberation and sufficient causes appearing therefor, it is hereby

**ORDERED**, that pursuant to Section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtors are each hereby authorized to employ and retain DERE as their real estate broker to market and sell (i) three residential condominium units located at 132 Remsen Street, Brooklyn,

NY, identified as Units 2, 7, and 8; and (ii) residential units 3A and 4B and a part interest (33%) in the commercial units at 56 Court Street, Brooklyn, NY (collectively, the "Aherman Properties"). at auction on the terms set forth in the Application based upon a commission formula as set forth in the Application, and subject to bidding procedures to be approved by separate order of this Court (the "Bidding Procedures"); and it is further

**ORDERED**, that the terms of retention previously approved with respect to the Broker and Agent in Linda's case pursuant to the Prior Retention Order shall be deemed amended to exclude Unit 4 at 132 Remsen Street; and it is further

**ORDERED**, that to the extent that any provisions in the Application or the Renna Declaration conflict with this Order, the terms of this Order shall control; and it is further

**ORDERED**, that DERE shall seek compensation for its services and reimbursement of its expenses upon application to the Bankruptcy Court, and upon notice and a hearing pursuant to 11 U.S.C. Sections 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R. 2016-1, and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Renna Declaration, the Court may retain jurisdiction to hear and determined all matters arising from or related to the implementation of this Order; and it is further

**ORDERED**, that notwithstanding anything to the contrary in the Application, the Renna Declaration or this Order, the objections of the United State Trustee to all fee provisions of the Agreement are expressly reserved, and the rights of all parties-in-interest to raise any objections to fee applications filed by DERE are preserved.