UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:                                                Chapter 11

       LINDA ENDRES GRECO,                    Case No. 24-44301-ESS
       AHERMAN LLC,                           Case No. 25-44912-ESS
       LOUIS GRECO, JR.,                      Case No. 25-44913-ESS

                        Debtors.          Jointly Administered
--------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of Linda Endres Greco, Aherman LLC, and Louis Greco, Jr. (collectively, the "Debtors") and debtors-in-possession, for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that no notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

*NOW, THEREFORE,* it is hereby

**ORDERED**, that, except as otherwise provided herein, all persons and entities (including, without limitation, individuals, partnerships, corporations, joint ventures, and trusts) that assert a claim, as defined in § 101(5) of 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), against the Debtors which arose on or prior to the filing of the Chapter 11 petition on October 17, 2024 as to Linda Edres Greco and prior to October 10, 2025, as to the Aherman LLC and  Louis Greco, Jr. shall file a proof of such claim in writing so that it is received on or before **April 30, 2026** (the "**Bar Date**"); and it is further

**ORDERED,** that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before ***May 29, 2026,*** ~~the Bar Date, as this date is~~ a business day that is at least 180 days after the date of the Order for relief in each case, and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access account) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without account to the CM/ECF system shall file their proofs of claim by mailing by delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, 271-Cadman Plaza East, Brooklyn, New York 11201;

(c) Proofs of claim will be deemed timely filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim shall (i) be signed; (ii) include other supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a) Any person or entity that has already filed a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of

New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b)     Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtors (collectively, the "Schedules"), if (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     Any holder of a claim that has been allowed in this case by order of the Court;

(d)     Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e)     Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of one or more of the Debtors' estates; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds such a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that holders of equity security interests in the Debtors need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtors (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

**ORDERED**, that if any of the Debtors amend or supplement the Schedules after the date of this Order, the Debtors shall give notice of any amendment or supplement to the holders of claims affected thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of such deadline; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

**ORDERED**, that notice of the Bar Date substantially in the form annexed hereto is approved, and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

    (a)    the United States trustee;

    (b)    all person or entities that have requested notice of the proceedings in this case;

    (c)    all persons or entities that have filed claims in this case;

    (d)    all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(e)     all parties to executory contracts and unexpired leases of the Debtors;

(f)     all parties to litigation with the Debtors;

(g)     the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

and it is further

**ORDERED**, that the Debtors are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: Brooklyn, New York
March 13, 2026



_____
Elizabeth S. Stong
**United States Bankruptcy Judge**

5