UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LINDA ENDRES GRECO, | Case No. 24-44301-ESS |
| AHERMAN LLC, | Case No. 25-44912-ESS |
| LOUIS GRECO, JR., | Case No. 25-44913-ESS |
| Debtors. | Jointly Administered |

**ORDER (I) APPROVING SALE AND BID PROCEDURES IN CONNECTION WITH THE PROPOSED SALE OF ASSETS OF THE ESTATE, (II) AUTHORIZING AUCTION SALE, (III) SCHEDULING A HEARING TO APPROVE THE SALE AND APPROVING FORM AND MANNER OF NOTICE THEREOF AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Sale Procedures Order") (i) authorizing and approving sale and bid procedures in connection with the proposed sale of assets of the estate (the "Sale Procedures"), (ii) authorizing the Auction, (iii) scheduling a hearing to approve the Sale and approving the form and manner of notice thereof; and (iv) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion; and a hearing on the Motion having been held on July 31, 2025, and August 6, 2026***, at which the Debtors, Wendover Funder LLC, the Board of Managers of 56 Court Condominium, NH Smith Lender***

[1] Capitalized terms used but not defined herein shall have the meanings as set forth in the Motion.

***LLC, Sills Cummis & Gross, and Friends of Prospect Schools appeared and were heard***; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. ~~The Motion is granted to the extent provided herein.~~

2. All objections to entry of this Sale Procedures Order or to the relief provided herein that have not been withdrawn, waived, resolved, or settled are hereby denied and overruled.

3. The Sale Procedures attached to this Order as Exhibit A are hereby approved in their entirety, incorporated by reference as if fully set forth herein and shall govern all proceedings relating to the Sale of the Collateral.[2] The Debtors are authorized to conduct the auction of the Collateral, and otherwise act, in accordance with the Sale Procedures.

4. The Bid Deadline shall be **September 8, 2026 at 4:00 p.m. (ET).**

5. The Auction shall be conducted on **September 9, 2026 at 10:00 a.m. (ET)** consistent with the Sale Procedures at the offices of proposed counsel to the Debtors, Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor, New York, NY 10017.

6. The Court shall convene the Sale Hearing on **October 1, 2026 at 10:30 a.m.** (as may be adjourned consistent with the Sale Procedures), before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge of the Bankruptcy Court, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800, at which time this Court shall (i) consider approval of the Sale to the Successful Bidder(s); (ii) consider the entry of the proposed sale order to be filed prior to the Sale Hearing along with such supporting declarations and other materials as may be required in order to support the approval of the Sale (iii) consider any issues or objections that are timely interposed by any parties; and (iv) grant such other or further relief as this Court may deem just or proper.

[2] Capitalized terms used but not defined herein shall have the meanings given such terms in the Sale Procedures.

7. Objections, if any, to the Sale, other than with respect to the relief granted herein, shall: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with this Court and served so as to be received seven days prior to the hearing on the sale (the "Objection Deadline"), by (i) proposed counsel to the Debtors, Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor, New York, NY 10017, Attn: J. Ted Donovan (tdonovan@gwfglaw.com); (ii) Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 510 New York, NY 10004-1408, Attn: Jeremy S. Sussman, Esq. (Jeremy.S.Sussman@usdoj.gov); and (iii) counsel to Wendover Funder LLC, Troutman Pepper Locke LLP, 875 Third Avenue, New York, NY 10022, Attn: Matthew R. Brooks (matthew.brooks@troutman.com) and Michael Sabino (michael.sabino@troutman.com). Only timely filed and served responses, objections, and other pleadings will be considered by this Court at the Sale Hearing.

8. The failure of any person or entity to timely file their objection to the Motion shall forever bar any objection to the Motion or the relief requested therein, or to the consummation of the Sale.

9. Pursuant to the *Order Approving Retention of Real Estate Broker* [ECF No. 71] and the relief granted on the record at the August 6, 2026, hearing as to associated motions in related cases and the *Application to Employ Compass RE NY, LLC* [ECF No. 81], the Broker was authorized to market the Collateral for sale.

10. Pursuant to section 363(k) of the Bankruptcy Code, the Secured Lender is entitled, in its sole discretion, to credit bid up to the Secured Lender Payoff Amount with respect to some or all of the Collateral at the Auction. Upon entry of this Order, the Debtor shall be deemed to have stipulated that (a) the Secured Lender shall have an allowed secured claim in the amount of no less than $19,915,907.00, as calculated in the Proof of Claim (such amount, together with any

additional fees, expenses and obligations owed to the Secured Lender, collectively, the "Secured Lender Allowed Claim"), and (b) waive any and all objections to the amount and validity of the Secured Lender's secured claim and its security interests in the Collateral.

11. All parties that participate, in any respect, in the process set forth in the Sale Procedures shall be deemed to have knowingly and voluntarily (a) consented to the entry of a final order by this Court in connection with the Motion or this Sale Procedures Order (including any disputes relating to the Sale Procedures, the Auction and/or the Sale) to the extent that it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution and (b) waived any right to a jury trial in connection with any disputes relating to any of the foregoing matters.

12. Within two (2) business days after the entry of this Order, the Debtors shall cause a copy of the Sale Procedures, the Notice of Auction and Sale Hearing, and this Order to be served by first- class mail upon: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) all secured creditors or counsel if known; (iii) all other entities (or counsel therefor) known to have asserted any liens, claims or encumbrances in or upon the Collateral; (iv) all equity holders; (v) all federal, state and local regulatory or taxing authorities or recording offices that are reasonably known by the Debtors to have an interest in the relief requested by the Motion; (vi) all parties known by the Debtors to have expressed a bona fide interest in acquiring the Collateral; (vii) the Internal Revenue Service; (viii) the United States Attorney's office; and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtors' cases and all creditors in the cases.

13. The notice set forth in the preceding paragraph shall constitute good and sufficient notice of the Motion, the Auction, and the Sale Hearing, and no other or further notice of the Motion, the Auction, or the Sale Hearing shall be necessary or required.

14. In the event there is any conflict between this Order and the Sale Procedures, the terms and conditions of <u>***this Order***</u> ~~the Sale Procedures~~ shall control and govern in all respects.

15. The Debtors are authorized to take any and all actions necessary or appropriate to effectuate or otherwise implement the Sale Procedures and the relief granted pursuant to this Sale Procedures Order in accordance with the Motion and the Sale Procedures.

16. The Debtors may not amend, or otherwise modify, the Sale Procedures without the written consent of the Secured Lender.

17. ~~Notwithstanding Bankruptcy Rule 6004 or otherwise, this Sale Procedures Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.~~

18. The Court may retain jurisdiction with respect to all matters arising from or related to the implementation of this Sale Procedures Order.

**Dated: Brooklyn, New York**
**August 10, 2026**

Elizabeth S. Stong
United States Bankruptcy Judge

**EXHIBIT A**

**BID PROCEDURES[1]**

The following bid procedures (the "Sale Procedures"), which were approved by the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") on the record at an August 6, 2026 hearing and pursuant to an order dated August [•], 2026 (the "Sale Procedures Order") in the chapter 11 bankruptcy cases of Linda Endres Greco, Aherman LLC, and Louis Greco, Jr., debtors and debtors-in-possession (collectively, the "Debtor"), jointly administered as Case No. 24-44301-ess (the "Chapter 11 Cases"), shall govern the auction and sale of Units 1-4, and 6-12 at 132 Remsen and Units 3A and 4B at 56 Court (collectively, the "Collateral"). Each of the units comprising the Collateral may be sold individually to one or more Successful Bidders in separate Sales, in an order determined by the Secured Lender in its sole discretion. Following the Auction (as defined below), the Debtor will seek entry of one or more Orders from the Bankruptcy Court authorizing and approving the Sale(s) (as defined below) of the Collateral free and clear of liens, claims, encumbrances, and interests (subject to certain exceptions listed in paragraph B(ii) below), to the Successful Bidder (as defined below).

A. Approvals. Each Sale (as defined below) shall in all respects be subject to approval by the Bankruptcy Court and the Secured Lender, and shall comply with (i) the applicable provisions of the Bankruptcy Code, (ii) the Bankruptcy Rules, and (iii) other applicable rules and law.

B. Assets to be Sold. The assets to be sold shall consist of the Collateral, which will be sold as follows:

(i) The sale of one or more units comprising the Collateral (each, a "Sale") will be auctioned by a broker acceptable to Secured Lender (the "Broker") who has been retained by the Debtor as its exclusive broker, and such sale, if it is an "Acceptable Sale", shall be free and clear of liens, claims, encumbrances and interests, except as provided in B(ii) below. As used herein, "Acceptable Sale" is one in which (i) the Secured Lender Allowed Claim (as defined below) is indefeasibly satisfied in full to the satisfaction of the Secured Lender or (ii) the Secured Lender otherwise consents in writing.

(ii) All executory contracts and unexpired leases related to the Collateral shall be rejected by the Debtor unless the Successful Bidder elects to assume a particular executory contract or unexpired lease by making election of its intention to be assigned such contract as part of its Bid and/or PSA (as defined below).

[1] Capitalized terms used but not defined herein shall have the meanings given such terms in the *Debtor's Motion for Entry of Order (I) Approving Sale and Bid Procedures in Connection with the Proposed Sale of Assets of the Estate, (II) Authorizing Auction Sale, (III) Scheduling a Hearing to Approve the Sale and Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief* (the "Motion").

C. Sale As Is, Where Is. The Collateral shall be sold as is, where is, with all faults, and without any representation or warranty of any type whatsoever.

D. Qualification of Bidders. Any potential bidder, other than Secured Lender or its nominee, designee or assignee, who wishes to submit a bid with respect to one or more units comprising the Collateral must demonstrate to the satisfaction of the Broker that such potential bidder is a "Qualified Bidder." To the extent the Secured Lender decides, in its sole discretion, to submit, at any time, a credit bid, of any quantum, Secured Lender shall be deemed a Qualified Bidder for purposes of these Sale Procedures. A Qualified Bidder is a potential bidder who delivers to the Broker a written and signed, binding offer **on or before the Bid Deadline** (as defined below) that:

(i) specifies which units comprising the Collateral it seeks to purchase;

(ii) includes a proposed purchase price denominated in United States Dollars;

(iii) states that the bidder is prepared to enter into a legally binding bid offer in the form as proscribed by the Broker or, at the election of the bidder, a purchase and sale agreement ("PSA") for the acquisition of the Collateral on terms and conditions reasonably acceptable to the Debtor and Secured Lender, including by marking up the PSA, which will be provided to the Bidder at least fourteen (14) days prior to the Bid Deadline, to indicate what the Bidder would be willing to execute;

(iv) states the bidder's offer is irrevocable, and not contingent;

(v) does not request or entitle the bidder to any transaction or break-up fee, expense reimbursement or similar type of payment;

(vi) fully discloses the identity of each entity that will be bidding for the Collateral (the "Potential Bidder") or otherwise participating in connection with such bid on behalf of the Potential Bidder, the terms of any such participation (including if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the bid, the equity holder or other financial backer), the Potential Bidder's address, telephone number and email address where the bidder may be contacted;

(vii) is accompanied by evidence that a good faith deposit in the amount of 10% of the total proposed purchase price (the "Good Faith Deposit"), in immediately available funds, has been made (or is concurrently being made) by wire transfer to Goldberg Weprin Finkel Goldstein LLP (in such capacity, the "Escrow Agent"), pursuant to wire instructions to be provided by the Broker and/or the Escrow Agent, and acknowledges that the Good Faith Deposit shall be held by the Escrow Agent in a non-interest bearing, segregated, account of the Escrow Agent for the Debtor's estate in accordance with the terms hereof; provided that, in no event, shall the

Secured Lender be required to make any Good Faith Deposit if it makes a credit bid;

(viii) states that the bidder is financially capable of consummating the transaction contemplated by the bidder's bid and any increased or modified bid that may be made at the Auction;

(ix) is accompanied by financial information satisfactory to the Broker and the Secured Lender that fairly and reasonably demonstrates the Potential Bidder's ability (and the sources of the Potential Bidder's ability) to close on its purchase of the Collateral if the Potential Bidder should be the Successful Bidder (as defined below) and any increased or modified bid that may be made at the Auction;

(x) includes an executed original of these Sale Procedures acknowledging and agreeing to these Sale Procedures and all the terms thereof, including the following:

1. The Potential Bidder is not a partner, officer, director, stockholder, agent, employee, insider or affiliate of the Debtor, the Debtor's principals, the Broker or any relative of any of the foregoing;

2. the Potential Bidder relied solely on its own independent investigation, analysis, appraisal, and evaluation of the Collateral and it did not rely upon and did not receive any written or oral statements, representations, warranties, promises or guarantees whatsoever, whether express or implied or by operation of law or otherwise, with respect to the Collateral; and

3. the Potential Bidder's bid is irrevocable until the earlier of the Closing Date (as defined herein) or until its bid is affirmatively rejected;

(xi) includes evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of a PSA, if applicable; and

(xii) contains other information reasonably requested by the Debtor, the Secured Lender and/or Broker.

A bid meeting the above requirements shall constitute a "<u>Qualified Bid</u>". The Broker, in consultation with the Secured Lender, shall make a determination regarding whether a bid is a Qualified Bid and shall notify bidders whether their bids have been determined to be qualified by no later than 8:00 p.m. ET on the day prior to the date of the Auction.

E. <u>Buyer's Premium.</u> The "<u>Buyer's Premium</u>" shall be as set forth in any order approving the Broker's retention, or as otherwise agreed to with the Secured Lender; provided that the Buyer's Premium with respect to Secured Lender

acquiring the Collateral via a credit bid may be a smaller amount (as reflected in any order approving the Broker's retention), or as otherwise agreed between Broker(s) and Secured Lender.

F. Deposits Following Auction. Subject only to Section (E) hereinabove, if the Potential Bidder becomes a Successful Bidder as to the Collateral, it shall, within two (2) business days after the Auction, increase the Good Faith Deposit as necessary to an amount equal to ten (10%) percent of (i) the final bid at the Auction, plus (ii) the Buyer's Premium (not counting to be approved expenses), TIME BEING OF THE ESSENCE. Failure to comply with this requirement shall result in an immediate (i) default under the terms of these Sale Procedures; and (ii) forfeiture of the Successful Bidder's Good Faith Deposit. If a Potential Bidder is not the Successful Bidder or the Backup Bidder (as defined below) as to the Collateral, such Potential Bidder's Good Faith Deposit shall be returned to such Potential Bidder as soon as reasonably practicable after the conclusion of the Auction. The Successful Bidder and Backup Bidder's Good Faith Deposits shall be held pending the closing. If the Sale to the Successful Bidder closes as to the Collateral, the Backup Bidder's Good Faith Deposit for the Collateral shall be returned as soon as reasonably practicable after such closing. This provision shall not apply to the Secured Lender if Secured Lender is the Successful Bidder.

G. Closing Deadline. Each Successful Bidder shall close on its purchase of Collateral no later than 60 days after the completion of the Auction and entry of an order by the Bankruptcy Court approving the Sale to the Successful Bidder as to the Collateral; *provided* that each closing may take place on such other date as the Debtors, Secured Lender and the Successful Bidder may mutually agree to in writing, or on such other date as may otherwise be directed by Order of the Bankruptcy Court (such date, the "Closing Date"), with TIME BEING OF THE ESSENCE AS TO THE SUCCESSFUL BIDDER'S OBLIGATION TO CLOSE ON THE CLOSING DATE AND TO PAY THE BALANCE OF THE PURCHASE PRICE AT THE CLOSING; *provided further* that each Sale shall close in an order determined by the Secured Lender in its sole discretion . The Debtor will use its reasonable best efforts to obtain an order of the Bankruptcy Court (i) approving each sale and a finding of good faith and non-collusive behavior of such sale pursuant to Section 363(m) and (n) of the Bankruptcy Code, and (ii) containing a finding that the Debtor was authorized to commence the Chapter 11 Case and sell the Collateral, in each case of the foregoing (i) and (ii) within nine days of the completion of the Auction (or otherwise subject to the availability of the Bankruptcy Court). The Successful Bidder and the Backup Bidder will file any affirmation or similar document (with exhibits if necessary) the Bankruptcy Court or the Debtor requires to enable the Debtor to obtain such an order from the Bankruptcy Court.

H. The Secured Lender as a Qualified Bidder. Notwithstanding anything herein to the contrary, the Secured Lender or its nominee, designee or assignee is a Qualified Bidder and, although under no obligation to do so, is entitled to credit bid up the Secured Lender Payoff Amount (defined below), which in no event shall be less

than $19,915,907.00, as calculated in the Proof of Claim (such amount, together with any additional fees, interest, expenses attorneys' fees and obligations owed to the Secured Lender, collectively, the "Secured Lender Allowed Claim"), for the Collateral pursuant to 11 U.S.C. § 363(k), without the need for any deposit or fulfilling any of the other requirements for a Potential Bidder to be a Qualified Bidder. The Secured Lender shall provide the Debtor with a final payoff amount inclusive of principal, interest, fees, expenses and other charges accrued and incurred up through August 9, 2026 within twenty-four (24) hours of the Auction Date and Time (the "Secured Lender Payoff Amount").

I. Remedy Upon Breach. Upon any breach by Debtor of any of its obligations, covenants or representations in the Sale Procedures Order or Sale Procedures (including a breach of any Milestone by Debtor or Debtor's refusal to consummate or hold an Auction) (i) the Auction shall continue in accordance with the Sale Procedures, (ii) the Secured Lender may credit bid up to the full amount of the Secured Lender Allowed Claim at any Auction for the Collateral or at a hearing before this Court consistent with the Sale Procedures (including at the Sale Hearing); and (iii) the Secured Lender credit bid, if the highest and best bid for the Collateral in accordance with the Sale Procedures, shall be approved by the Court at either the Sale Hearing or another hearing held before the Court consistent with the Sale Procedures.

J. Milestones: The Debtor shall conduct the Sale, and the Chapter 11 Case generally, consistent with, and pursuant to, the following deadlines (each a "Milestone"). The Milestones may not be amended, modified or otherwise revised absent prior written consent of the Secured Lender.

(i) **August 12, 2026**: The Debtor shall deliver to the Secured Lender such documentation and information as the Secured Lender may request, which shall be acceptable to the Secured Lender in all respects.

(ii) **August 19, 2026**: The Debtor shall have provided, allowed and facilitated, an inspection of the Collateral by the Secured Lender (or its designee) and the Broker (such inspection, the "Inspection Visit"). The Secured Lender and the Broker shall have the right to visit and inspect the Collateral at Secured Lender's preferred time and date (so long as the Secured Lender provides the Debtor two (2) business days' advance notice of the time and date of the Inspection Visit), and the Secured Lender shall have the ability to request additional follow-up visits and inspections at the Collateral as the Secured Lender determines in its sole discretion.

(iii) **September 8, 2026 at 4:00 p.m. (ET):** The deadline for submission of bids (the "Bid Deadline").

(iv) **September 8, 2026 at 8:00 p.m. (ET)**: The deadline for Debtors to notify potential bidders if they are deemed to be a Qualified Bidder for purposes of the Auction.

(v) **September 9, 2026 at 10:00 a.m. (ET):** The date of the auction (the "Auction").

(vi) **October 1, 2026 at 10:30 a.m. (ET):** The date of the hearing to approve each Sale (the "Sale Hearing").

(vii) **October 20, 2025:** The outside date by which Orders approving each Sale must be entered by the Bankruptcy Court.

(viii) **November 8, 2025:** The outside date by which the closing of each Sale must occur (the "Outside Closing Date").

K. Bid Deadline. **All Qualified Bids, other than from the Secured Lender, must be submitted on or before the Bid Deadline** unless extended by the Debtor and the Secured Lender in its discretion with notice to be provided to all parties that have expressed serious interest (as determined by the Broker) in potentially bidding on the Collateral. On or prior to the Bid Deadline, Qualified Bidders shall deliver written copies of their bids to: (1) the Broker; (2) proposed counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor, New York, NY 10017, Attn: J. Ted Donovan (tdonovan@gwfglaw.com), and (3) counsel to Wendover Funder LLC, Troutman Pepper Locke LLP, 875 Third Avenue, New York, NY 10022, Attn: Matthew R. Brooks (matthew.brooks@troutman.com). The Secured Lender shall be permitted to provide its credit bid, if any, at the Auction or any time before in Secured Lender's sole discretion.

L. Auction. The Broker shall conduct the Auction at which the Secured Lender may credit bid, and any other Qualified Bidders may bid, for the Collateral. The Auction shall take place on **September 9, 2026, at 10:00 a.m.** (ET) (the "Auction Date and Time"). The Auction and Auction Date and Time shall not be moved absent consent of the Secured Lender. With the consent of the Secured Lender, the Debtors and the Broker may: (i) move the Auction Date and Time to such other place and time as the Broker shall notify all Qualified Bidders, the Debtor, the Secured Lender, and other invitees via e-mail or facsimile not later than one (1) business day before the Auction Date and Time (or re-scheduled Auction Date and Time, as applicable) or (ii) adjourn, continue, or pause the Auction, in consultation with the Secured Lender. The Broker must notify the Secured Lender within 24 hours of the Bid Deadline as to whether any Qualified Bid was received. If no Qualified Bid is received prior to the Bid Deadline, then the Debtor, without holding the Auction, shall accept any credit bid put forth by the Secured Lender, which credit bid by the Secured Lender shall be deemed the Successful Bid (as defined below), and the Debtor and Secured Lender shall coordinate, and file, a notice declaring the Secured Lender as the Successful Bidder. The Auction shall be governed by the following procedures:

(i) Only authorized representatives and respective counsel of each of the Qualified Bidders, the Secured Lender, the Debtor, and the Broker shall be

permitted to attend and participate at the Auction, unless otherwise agreed to by the Broker in its sole discretion;

(ii) Only the Secured Lender (or its nominee, designee or assignee) and other Qualified Bidders shall be entitled to make any subsequent bids at the Auction;

(iii) The Secured Lender (or its nominee, designee or assignee) and each other Qualified Bidder shall be required to confirm at the beginning of the Auction that it has not engaged in and will not engage in any collusion with respect to the bidding or the sale;

(iv) Bidding shall commence at the amount of the highest and best Qualified Bid submitted by the Qualified Bidders by the Bid Deadline or at a credit bid set forth by the Secured Lender;

(v) The Broker and the Debtor shall have the exclusive rights to set the bidding increments;

(vi) The Secured Lender (or its nominee, designee or assignee) and other Qualified Bidders shall participate in person at the Auction (or through a method designated by Broker, including being physically present or present through electronic means, such as Zoom), through a duly authorized representative with authority to bind the entity, at the offices of proposed counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor, New York, NY 10017.

(vii) The Auction will be conducted so that the Secured Lender (or its nominee, designee or assignee), and each other Qualified Bidder will be informed of the previous bid;

(viii) The Auction shall continue until there is only one final offer for the Collateral that indefeasibly satisfies in full the Secured Lender Payoff Amount (or the Secured Lender otherwise consents) and the Broker determines, subject to Bankruptcy Court approval, is the highest and best offer submitted at the Auction from among the Secured Lender (or its nominee, designee or assignee), if applicable, and the other Qualified Bidders (the "Successful Bid"). An offer cannot be a Successful Bid unless the Secured Lender agrees that such bid would indefeasibly pay in full the Secured Lender Payoff Amount (or the Secured Lender otherwise agrees in writing that an offer may be a Successful Bid). The bidder submitting such Successful Bid shall become a "Successful Bidder" as to the Collateral and shall have such rights and responsibilities set forth herein, contained in any documents contemplated hereby and, as and if applicable, a PSA. To the extent the Secured Lender becomes the Successful Bidder, it shall, unless it elects otherwise in its sole discretion, acquire the Collateral free and clear

of all liens, claims, and interests consistent with Section 363 of the Bankruptcy Code;

(ix) If the Auction is conducted, the Qualified Bidder with the next-highest or otherwise second-best Qualified Bid (the "Backup Bid") at the conclusion of the Auction for the Collateral, as determined by the Debtor in the exercise of its business judgment, shall be required to serve as a backup bidder (the "Backup Bidder") in accordance with the terms and conditions set forth herein. Each Qualified Bidder shall agree and be deemed to agree to be a Backup Bidder if so designated by the Debtor, subject to the terms of such Backup Bidder's PSA; provided that a bid cannot be the Backup Bid unless the Secured Lender agrees that such bid would indefeasibly pay in full the Secured Lender Payoff Amount or the Secured Lender otherwise agrees;

(x) The identity of a Backup Bidder and the amount and material terms of the Qualified Bid of such Backup Bidder shall be announced by the Debtor, at the conclusion of the Auction at the same time the Debtor announces the identity of the Successful Bidder related thereto;

(xi) The Debtor reserves the right to seek approval of the Backup Bid as a back-up bid and may seek approval at the Sale Hearing to close the Sale to the Backup Bidder if the Successful Bidder fails to close for any reason or if it otherwise fails to satisfy any requirements hereof or, as applicable, in the PSA;

(xii) if (a) a Qualified Bidder is a Successful Bidder as to the Collateral, the Deposit shall become non-refundable and shall be forfeited by the Successful Bidder as liquidated damages in the event the Successful Bidder shall fail to close the purchase of the Collateral on the Closing Date, except as otherwise expressly permitted under the applicable PSA entered into between the Debtor and the Successful Bidder; and (b) if the Debtor and the Broker determine to proceed with the Backup Bid after default by the Successful Bidder, the applicable Good Faith Deposit shall become non-refundable and shall be forfeited by such Backup Bidder as liquidated damages if the Backup Bidder shall fail to close the purchase of the Collateral on the Backup Closing Date (as defined below), except as otherwise expressly permitted under the applicable PSA entered into between the Debtor and such Backup Bidder; and

(xiii) As set forth in the Motion, if no other Qualified Bids are received by the Bid Deadline, the Debtor and Secured Lender are authorized to file any requisite notice informing the Court as to the designation of the Secured Lender as the Successful Bidder and to take any other actions to facilitate the sale of the Collateral to the Secured Lender, including with respect to the Sale Hearing and Auction.

M. Sale Hearing. The hearing to approve the Sale of the Collateral to the Successful Bidder shall be October 1, 2026 at 10:30 am (ET) at the United States Bankruptcy Court for the Eastern District of New York, Courtroom for Judge Elizabeth Stong (the "Sale Hearing"). The Debtor may not move or adjourn the Sale Hearing absent the Secured Lender's consent.

N. Within two (2) business days after entry of the Sale Procedures Order, the Debtor shall service notice of the Sale Hearing, including the identity of the Successful Bidder and the deadline to object to the Sale, on the following parties or their respective counsel, if known: (i) the Office of the United States Trustee for the Eastern District of New York; (ii) all secured creditors or counsel if known; (iii) all other entities (or counsel therefor) known to have asserted any liens, claims or encumbrances in or upon the Collateral; (iv) all equity holders; (v) all federal, state and local regulatory or taxing authorities or recording offices that are reasonably known by the Debtor to have an interest in the relief requested by the Motion; (vi) all parties known by the Debtor to have expressed a bona fide interest in acquiring the Collateral; (vii) the Internal Revenue Service; (viii) the United States Attorney's office; and (ix) all entities who have filed a notice of appearance and request for service of papers in the Debtor's case and all creditors in the case.

O. Closing on Backup Bid. If for any reason the Successful Bidder shall fail to timely close the sale of the Collateral, and the Debtor, with the consent of the Secured Lender, determines to proceed with the Backup Bid, the Backup Bidder shall close on the purchase of the Collateral and pay the amount of the Backup Bid, less its Good Faith Deposit previously posted, on the later of the Closing Date and twenty one (21) days after written notice of the Successful Bidder's default in closing (the "Backup Closing Date"), with TIME BEING OF THE ESSENCE AS TO THE BACK-UP BIDDER'S OBLIGATION TO CLOSE ON THE BACKUP CLOSING DATE AND TO PAY THE BALANCE OF THE PURCHASE PRICE AT THE CLOSING. In any case, the Debtor has until thirty (30) days after the Auction to determine to proceed with the Backup Bid. If the Debtor proceeds with such Backup Bid, then the Backup Bidder shall be obligated to close title to the Collateral and there shall be no contingency of any kind or nature that will permit the Backup Bidder not to proceed on the Backup Closing Date other than the inability of the Debtor to deliver title to the Collateral. In the event the Backup Bidder shall be obliged, but shall fail, to close purchase of the Collateral timely in accordance with the provisions of these Sale Procedures or the applicable PSA entered into between the Debtor and the Backup Bidder, the Backup Bidder shall be in default, and the Backup Bidder shall forfeit its Good Faith Deposit. Notwithstanding the foregoing, the Debtor shall have the right, but not the obligation, to extend the Backup Closing Date up to an additional ten (10) business days (the "Adjourned Backup Closing Period"), with TIME BEING OF THE ESSENCE as to such Backup Bidder's obligation to close prior to the expiration of the Adjourned Backup Closing Period; and in such event, if the Backup Bidder shall fail to close the purchase of the Collateral prior to expiration of the Adjourned Backup Closing Period in accordance with the provisions of these Sale Procedures or the applicable PSA, the Backup Bidder shall be in default and the Backup Bidder shall forfeit its Good Faith

Deposit. If the Backup Bidder fails to close on the purchase of the Collateral in accordance with this paragraph (O), then the Debtor shall sell the property to the Secured Lender via any credit bid (in any amount) set forth in any approval materials and/or motion acceptable to the Secured Lender, and the Debtor shall seek Bankruptcy Court approval of such sale to the Secured Lender on an expedited basis as acceptable to the Secured Lender.

# <u>EXHIBIT 2</u>

## Notice of Auction and Sale Hearing

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : Chapter 11 |
| | : |
| Linda Endres Greco, | : Case No. 24-44301-ESS |
| Aherman LLC, | : Case No. 25-44912-ESS |
| Louis Greco, Jr., | : Case No. 25-44913-ESS |
| | : |
| Debtors. | : Jointly Administered |

**NOTICE OF PROPOSED SALE OF ASSETS,**
**BID PROCEDURES, AUCTION, AND SALE HEARING**

**PLEASE TAKE NOTICE** that on October 17, 2024, the above-captioned debtor and debtor in possession each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Eastern District of New York (the "Court"). The Debtor is seeking to sell (the "Sale") Units 1-4 and 7-12 at 132 Remsen Street, Brooklyn, New York ("132 Remsen") and Units 3A and 4B at 56 Court Street, Brooklyn, New York ("56 Court") (collectively, the "Collateral") free and clear of all liens and encumbrances.

**PLEASE TAKE FURTHER NOTICE** that on the record at the August 6, 2026 hearing and by order dated August [•] 2026 [Docket No. [•] (the "Sale Procedures Order"), the Court approved certain relief requested in the related motion [Docket No. 61] (the "Sale Procedures Motion"), and certain "Sale Procedures" that govern the sale of the Assets to the highest or otherwise best bidders and discharge or certain liens and encumbrances as to the Collateral pursuant to the Bankruptcy Code. A separate notice will be provided to counterparties to executory contracts and unexpired leases with the Debtor that may be assumed and assigned in connection with the Sale. Copies of the Sale Procedures may be obtained by contacting proposed counsel to the Debtor, J. Ted Donovan, at Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor New York, New York 10017 (tdonovan@gwfglaw.com).

**PLEASE TAKE FURTHER NOTICE** that the deadline to submit a bid for any Assets is **September 8, 2026 at 4:00 p.m. (E.T.)**.

**PLEASE TAKE FURTHER NOTICE** that an auction for the Collateral, unless cancelled or adjourned in accordance with the Sale Procedures Order, will be held on **September 9, 2026 at 10:00 a.m. (ET)**, at the offices of Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor New York, New York 10017, or such later date and time as selected by the Debtor (with the approval of the Secured Lender).

**PLEASE TAKE FURTHER NOTICE** that unless adjourned in accordance with the Sale Procedures Order, the Bankruptcy Court will conduct a hearing (the "Sale Hearing") to

consider the Sale on **October 1, 2026 at 10:30 a.m. (ET)** before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge of the Bankruptcy Court, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201-1800.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Sale, other than with respect to the relief granted in the Sale Procedures Motion, shall: (a) be in writing; (b) comply with the Bankruptcy Rules; (c) be filed with this Court and served so as to be received seven days prior to the Sale Hearing (the "Objection Deadline"), by (i) proposed counsel to the Debtor, Goldberg Weprin Finkel Goldstein LLP, 125 Park Avenue, 12th Floor, New York, NY 10017, Attn: J. Ted Donovan (tdonovan@gwfglaw.com); (ii) Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Room 510 New York, NY 10004-1408, Attn: Jeremy S. Sussman, Esq. (Jeremy.S.Sussman@usdoj.gov); and (iii) counsel to Wendover Funder LLC, Troutman Pepper Locke LLP, 875 Third Avenue, New York, NY 10022, Attn: Matthew R. Brooks (matthew.brooks@troutman.com). Only timely filed and served responses, objections, and other pleadings will be considered by this Court at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE THAT FAILURE TO ABIDE BY THE BID PROCEDURES, THE BID PROCEDURES ORDER OR ANY OTHER APPLICABLE ORDER OF THE COURT ENTERED IN THESE CHAPTER 11 CASE MAY RESULT IN THE REJECTION OF YOUR BID AND YOUR DISQUALIFICATION FROM PARTICIPATING IN THE BID FOR AND AUCTION OF ANY OF THE DEBTOR' ASSETS.**

**PLEASE TAKE FURTHER NOTICE THAT IF A SALE OBJECTION IS NOT FILED AND SERVED ON OR BEFORE THE APPLICABLE SALE OBJECTION DEADLINE IN ACCORDANCE WITH THE BID PROCEDURES ORDER, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE SALE AND BEING HEARD AT THE SALE HEARING, AND THE BANKRUPTCY COURT MAY ENTER THE SALE ORDER WITHOUT FURTHER NOTICE TO SUCH PARTY.**

Dated: August [__], 2026

By: /s/__________________________

J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
125 Park Avenue, 12th Floor
New York, New York 10017
Tel: (212) 221-5700
Email: tdonovan@gwfglaw.com