**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>LOUIS GRECO,<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 25-44913 (ESS) |

**STIPULATION AND AGREED ORDER PURSUANT TO 11 U.S.C. § 362**
**CONSENTING TO RELIEF FROM STAY**

LOUIS GRECO, the debtor herein (the "**Debtor**") and EASTERN GARNET HOLDINGS, LLC ("**Eastern Garnet**"), as Administrative Agent and Collateral Agent for lenders Specialty Credit Facility II On MM, LLC ("**SCF II On MM**") and SOFA Facility Holdings, LLC ("**SOFA FH**," and together with SCF II On MM and their respective successors and assigns, collectively, the "**Initial Lender**," and together with Eastern Garnet, the "**Lender Parties**"), by and through undersigned counsel, hereby stipulate and agree (the "**Stipulation**"), pursuant to Section 362 of the Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order approving the Parties' agreement to modify the automatic stay in connection with a mortgage foreclosure action pending in the Supreme Court of the State of New York, New York County (the "**Foreclosure Court**"), Index No. 850131/2025 (the "**Foreclosure Action**").

**RECITALS**

1. On October 10, 2025 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") initiating the above-styled bankruptcy case under Case No. 25-44913 (ESS) (the "**Bankruptcy Case**").

2. Debtor is the guarantor of two loans by the Lender Parties to 475 Wash Owner LLC in the original principal amounts of $37,414,103.12 and $2,575,896.88, respectively (the "**Loans**") secured by commercial real property located at 475 Washington Avenue, Brooklyn, New York 11238 (Block 1979, Lots 1201, 1202, 1203, 1204, 1205, 1206, 1207, 1208, 1209, 1210, 1211, 1212, 1218, 1219, 1221, 1222, 1225, 1228, 1229, 1231, 1232, 1237, 1239, 1241, 1251, 1252, 1254, 1256, 1262, 1263, 1264, 1265, 1267, 1268, 1270, 1271, 1272, 1273, 1274, 1275, 1276, 1277, 1278, 1279, 1280, 1281, 1282, 1283, 1284, 1285, 1286, 1287, 1288, 1289, 1290, 1291, 1292, 1293, 1295, 1296, 1300, 1301, 1302) (the "**Property**").

3. The Debtor remains in control of all its assets as a debtor and no Official Committee of Unsecured Creditors has been formed in the Bankruptcy Case.

4. Prior to the Petition Date, Eastern Garnet, the Debtor and the other defendants in the Foreclosure Action (together with Debtor, the "**Foreclosure Action Defendants"**) entered into a stipulation (the "**Foreclosure Stipulation**") pursuant to which, *inter alia*, the Foreclosure Action Defendants acknowledged their default under the loan documents governing certain mortgages on the Property, consented to the commencement of the Foreclosure Action, and consented to entry of a judgment of foreclosure and sale.

5. On October 16, 2025, the Foreclosure Court issued a *Consent Order and Final Judgment of Foreclosure and Sale* [NYSCEF No. 135] (the "**Foreclosure Judgment**"), which incorporated the terms of the Foreclosure Stipulation and ordered the foreclosure sale of the Property under the terms set forth therein.

6. The Parties now agree that, if the automatic stay triggered by the Bankruptcy Case is even applicable to the continuation of the Foreclosure Action and the consummation of a foreclosure sale in connection therewith, Eastern Garnet be granted relief from the automatic stay

imposed by Section 362(a) of the Bankruptcy Code so that Eastern Garnet may continue to exercise its state court remedies with respect to the Property, including, without limitation, the continuation of the Foreclosure Action and the scheduling and consummation of a foreclosure sale of the Property.

7. The Parties further agree that the 14-day stay of Fed. R. Bankr. P. 4001(a)(4) should be waived.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and between the Parties, which agreement, when "so ordered" by the Court, shall constitute an Order of the Court, as follows:

1. The Recitals above are incorporated as if fully set forth herein.

2. The automatic stay under section 362 of the Bankruptcy Code does not apply with respect to Eastern Garnet's exercise of its state court remedies with respect to the Property, including without limitation the prosecution of the Foreclosure Action, since Debtor is a guarantor of the Loans and not the borrower with respect to the Loans.

3. In the alternative, to the extent section 362 otherwise operates to stay the Foreclosure Action, the Parties hereto agree that the automatic stay under section 362 of the Bankruptcy Code is hereby modified to permit Eastern Garnet to continue to exercise its state court remedies with respect to the Property, including, without limitation, the continuation of the Foreclosure Action and the scheduling, conducting and consummation of a foreclosure sale of the Property.

4. Notwithstanding the foregoing, the automatic stay under section 362 of the Bankruptcy Code will remain in place with respect to Debtor's obligations as guarantor, and Eastern Garnet shall not seek any deficiency judgment against Debtor absent further order from

the Bankruptcy Court or in connection with its Proof of Claim in the claims resolution process before the Court.

5. The 14-day stay of Fed. R. Bankr. P. 4001(a)(4) is hereby waived

6. The terms of this Stipulation and Order shall be binding upon all of the successors and assigns of the Debtor, including any trustee or examiner appointed to operate, investigate or liquidate the debtor under Chapter 11 or in a converted Chapter 7 bankruptcy case.

7. Any and all modifications to this stipulation must be in a writing signed by all parties hereto and approved by the Bankruptcy Court.

8. The undersigned each represent and warrant that they are legally authorized to enter into this Stipulation and Agreed Order.

9. This Stipulation may be signed in counterparts and electronic signatures shall be deemed as valid as if executed by hand.

10. Any and all disputes arising from this Stipulation shall be resolved exclusively by the Bankruptcy Court.

***[INTENTIONALLY LEFT BLANK – SIGNATURE PAGE TO FOLLOW]***

| Dated: New York, New York<br>August 19, 2026 | Dated: New York, New York<br>August 19, 2026 |
|---|---|
| **GOLDBERG WEPRIN FINKEL GOLDSTEIN LLP**<br><br>By: /s/ J. Ted Donovan<br>J. Ted Donovan<br>125 Park Avenue, 12th Floor<br>New York, NY 10017<br>Tel: (212) 221-5700<br>Fax: (212) 730-4518<br>E-mail: tdonovan@gwfglaw.com<br><br>*Counsel for the Debtor* | **AKERMAN LLP**<br><br>By: /s/ Mark S. Lichtenstein<br>Mark S. Lichtenstein<br>1251 Avenue of the Americas, 37th Flr.<br>New York, NY 10020<br>Tel.: (212) 880-3800<br>Fax: (212) 880-8965<br>Email: mark.lichtenstein@akerman.com<br><br>*Counsel for Creditor Eastern Garnet Holdings, LLC* |

**SO ORDERED:**

Dated: New York, New York
____________, 2026

________________________________
THE HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE